IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: BPS DIRECT, LLC and CABELA'S, LLC, WIRETAPPING | MDL NO. 3074<br>2:23-md-03074-MAK |
|---|---|

## REPORT OF RULE 26(F) MEETING

Under Federal Rule of Civil Procedure 26(f), this Court's July 12, 2023 Order (ECF No. 46) and this Court's Policies, counsel for the parties conferred on July 20, 2023 and submit the following report of their meeting for the Court's consideration at the initial pretrial conference on July 25, 2023.

1. **Discussion of specific claims, defenses and relevant issues**

**Plaintiffs' Position:** Plaintiffs believe that the fundamental underlying facts supporting Plaintiffs' claims are likely to be largely undisputed after discovery and that the questions this Court will be asked to decide are legal in nature. Plaintiffs allege that Defendants' use of session replay code and similar technology on its www.basspro.com and www.cabelas.com websites surreptitiously intercepts and wiretaps the content of electronic communications of visitors to those websites. Defendants procure third-party vendors to embed snippets of JavaScript computer code on Defendants' websites, which then deploys on each website visitor's internet browser for the purpose of intercepting and recording the website visitor's electronic communications with the Cabela's and Bass Pro website, including their mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of web pages visited, and/or other electronic communications. These interceptions are done instantaneously in real-time. The third-party software vendors are procured by Defendants to create and deploy this technology. After intercepting and capturing

these website communications, Defendants and the session replay providers can use those website communications, in part, to recreate website visitors' entire visit to www.cabelas.com or www.basspro.com and provide it to Defendants for analysis and use. As the data is ultimately captured by, and stored with, the session replay providers, the data can also be used by session replay providers for other purposes such as advertising. Defendants' directive to their vendors enables session replay providers to secretly deploy the session replay code results in the electronic equivalent of "looking over the shoulder" of each visitor to the Defendants' websites for the entire duration of their website interaction. Based on these allegations, Plaintiffs allege violations of federal and state wiretapping and consumer protection statutes, as well as common law tort claims.

Plaintiffs need information and discovery into the agreements between Defendants and the session replay providers, the precise scope of the information collected, the relevant terms and policies in effect on the websites as well as their mechanisms of delivery on the websites, and the scope and duration of use of each session replay code and other tracking technologies on www.basspro.com and www.cabelas.com by Defendants in order to establish the factual predicates for their legal theories. While Plaintiffs do not believe that this information is disputed, it is entirely in the hands of Defendants and third parties.

**Defendants' Position:** Defendants disagree that the use session replay technology on its website constitutes a violation of the various state and federal wiretap acts, constitutes an invasion of privacy, or causes Plaintiffs any damages. Session replay is a common analytics tool that is used by website owners/operators nationwide to ensure and optimize functionality of websites. Defendants deny Plaintiffs have standing; deny that the elements of the various wiretap statutes are satisfied; argue that exceptions to liability under those statutes apply; deny

4889-8658-2641, v. 5
1" = "1" "4884-9896-5361 v1" "" 4884-9896-5361 v1

that Plaintiffs have any reasonable expectation of privacy in browsing a publicly available website; argue that there was sufficient consent; deny Plaintiffs are damaged; and deny class certification is appropriate.

Defendants agree that relevant discovery will include agreements between Defendants and the session replay providers, the scope of information collected via the session replay technology, how that information was conveyed and used, the relevant terms of use and privacy policies on the websites, and the scope and duration of use of session replay code. Defendants disagree that the relevant scope of discovery includes "other tracking technologies." Defendants also believe written and deposition discovery will be necessary as to Plaintiffs' use of and activity on the basspro.com and cabelas.com websites, Plaintiffs' own browser and/or mobile device settings, Plaintiffs' online browsing activity, Plaintiffs' express or implied consent, Plaintiffs' standing and/or Plaintiffs' damages. Defendants note that they have not yet seen Plaintiffs' forthcoming amended complaint and reserve the right to request discovery on additional topics.

2. **Stipulated facts and insurance coverage and deductibles**

   **Stipulated Facts.** The parties agree at this time to the following stipulated facts:

   - BPS Direct LLC and Cabela's LLC are proper defendants in this action.
   - Defendant BPS Direct, LLC is a limited liability company organized under the laws of Delaware, and its principal place of business is located in Springfield, Missouri. BPS Direct, LLC is wholly owned by Bass Pro, LLC, which is wholly owned by Huntsman Holdings, LLC. Huntsman Holdings, LLC is an indirect, wholly-owned subsidiary of American Sportsman Holdings Co., a Missouri

corporation with its principal place of business at 2500 E. Kearney St., Springfield, Missouri.

- BPS Direct, LLC, is registered in Pennsylvania under Control ID # 3962316 as a Foreign Limited Liability Company, effective June 16, 2010.

- Defendant Cabela's LLC is a single member limited liability company organized under the laws of Delaware with its principal place in Springfield, Missouri. Cabela's LLC is wholly owned by Bass Pro, LLC, which is wholly owned by Huntsman Holdings, LLC. Huntsman Holdings, LLC is an indirect, wholly-owned subsidiary of American Sportsman Holdings Co., a Missouri corporation with its principal place of business at 2500 E. Kearney St., Springfield, Missouri.

- Defendants BPS and/or Cabela's own, manage, and/or operate the websites basspro.com and cabelas.com at all times relevant to this lawsuit.

- Plaintiff Calvert is a Pennsylvania resident who resides in Lawrence County and who accessed www.cabelas.com while in Pennsylvania.

- Plaintiff Cornell is a Pennsylvania resident who resides in Forest County and who accessed www.basspro.com while in Pennsylvania.

- Plaintiff Vonbergen is a Pennsylvania resident who resides in Delaware County and who accessed www.basspro.com while in Pennsylvania.

- Plaintiff Montecalvo is a Connecticut resident who resides in Middlesex County and who accessed www.cabelas.com while in Massachusetts.

- Plaintiff Moore is a California resident who resides in the County of San Diego and who accessed www.basspro.com while in California.

4

- Plaintiff Tucker is a Missouri resident who resides in St. Claire, Missouri and who accessed www.basspro.com and www.cabelas.com while in Missouri.

- Plaintiff Hernandez is a Maryland resident who resides in Baltimore County and who accessed www.basspro.com while in Maryland.

- Plaintiff Durham is a California resident who resides Los Angeles County and who accessed www.cabelas.com while in California.

- Since at least October 29, 2019, Defendants contracted with a session replay vendor to provide session replay services on basspro.com and cabelas.com during the relevant time period.

- Session replay software is an analytics tool employed on numerous websites, including major retailers located nationwide in part to monitor the functionality of their websites.

- Session replay software allows website owners to collect data on a user's visit to a website and, among other purposes, to see if a technical issue is interfering with a user's desired website access.

- A website owner can enable session replay by procuring and embedding JavaScript code, provided by a session replay provider, in the target website's operative code.

- Depending on the settings, the JavaScript code tracks specific browser and user events that occur on that website. These discrete pieces of data are pieced together using session replay software by session replay providers to recreate a visual depiction of a user's website experience, which is accessible through the session replay providers' proprietary platform.

5

- Use of cabelas.com and basspro.com may be governed by the privacy policies and/or terms of use posted on the website at the time of the website visit for those individuals who consented to the privacy policies and/or terms of use.

**Insurance coverage and deductibles:** Plaintiffs do not have any insurance coverage, including retainer or deductible, to disclose. Defendants have insurance potentially available, on a claims-made basis. Defendants' first layer of potentially available insurance coverage has a self-insured retention that has not yet been exceeded. Specific information regarding potentially applicable insurance coverage has been exchanged informally by counsel and will be produced with Defendants' initial disclosures.

3. **Informal disclosures**

The parties anticipate exchanging the initial disclosures required by Fed. R. Civ. P. 26(a) and beginning production of the identified documents on or before July 31, 2023 pursuant to the Court's Order of July 12, 2023 (ECF No. 46). The parties will comply with any additional informal disclosure requirements contained in the Court's scheduling Order to be issued and provide any informal disclosures needed for mediation should one be scheduled.

4. **Additional disclosures [in patent non-ANDA cases only].**

The parties report that this not a patent non-ANDA case.

5. **Formal discovery**

To date, the parties have not issued written discovery or scheduled or taken any depositions. The parties intend to exchange Initial Disclosures on July 31, 2023, as set forth in the Court's Order of July 12, 2023 (ECF No. 46 at 1-2). The parties also anticipate filing a stipulated protective order, along with an Order under Federal Rule of Evidence 502, on or before July 31, 2023.

Plaintiffs intend to serve written discovery contemporaneously with the filing of their consolidated complaint on August 14, 2023, so as to streamline information needed and ensure non-duplication. Plaintiffs do not believe that discovery should be conducted in phases but need, initially, discovery and information on the use and contours of session replay code and other tracking technologies on www.basspro.com and www.cabelas.com, including the code, dates used on the website, details on parameters set and the full gambit of information captured, whether any information was excluded from collection by Defendants or the session replay providers, and website traffic information.

Defendants will respond to Plaintiffs' forthcoming amended complaint consistent with the deadlines set forth in this Court's July 12, 2023 order. Defendants agree that discovery is appropriate as to the use of session replay code on the basspro.com and cabelas.com websites during the applicable statute of limitations period, including dates of use, details on the parameters set, information available to Defendants or session replay providers, and information regarding website traffic. Defendants disagree that discovery should extend to "other tracking technologies". Defendants also believe written and deposition discovery will be necessary as to Plaintiffs' use of and activity on the basspro.com and cabelas.com websites, Plaintiffs' own browser and/or mobile device settings, Plaintiffs' online browsing activity, Plaintiffs' express or implied consent, Plaintiffs' standing and/or Plaintiffs' damages. Defendants note that they have not yet seen Plaintiffs' forthcoming amended complaint and reserve the right to request discovery on additional topics.

The parties have set out a proposed discovery schedule under item 11 below that includes a fact discovery deadline intended to be more than ninety days after the initial Rule 16 Order scheduling the Initial Pretrial Conference, but that is complete before the Court's

anticipated final dispositive motion hearings in Fall 2024. Compelling reasons support this longer discovery period. First, Plaintiffs' consolidated amended complaint is not yet due, the allegations of which should govern the contours of discovery. Moreover, upon service of Plaintiffs' amended complaint, the parties anticipate that a motion to dismiss will be filed that may change the contours of the case, and the parties will need to adjust discovery accordingly. Second, this consolidated MDL action will involve multiple state and federal putative classes, some of which overlap and which involve multiple theories of liability that will increase the complexity of the case and discovery needed. Third, given the subject matter of the case, the parties anticipate that discovery will involve ESI that will need to be produced in a forensically sound manner and then analyzed in the context of both fact and expert witnesses. Fourth, though the matters are now centralized before this Court, the plaintiffs at issue are from 5 different states, with lawyers from around the country, and therefore travel will be required for various events.

6. **Electronic discovery**

The parties anticipate entering into an agreement on how to conduct electronic discovery to be submitted prior to the July 25, 2023 case management conference. The parties will endeavor to approach discovery such that ESI discovery is proportional to the needs and procedural posture of the case. The parties will confer regarding the costs of production should the discovery demands in the case so require. The parties will endeavor to reach agreement as to the relevant time period for purposes of discovery.

7. **Expert witness disclosures**

The parties agree that each side anticipates testimony of expert witnesses, and that expert depositions will be needed. The parties also anticipate that the case will involve both

class certification and merits experts, though they will attempt to be as efficient as possible to avoid duplication. A proposed expert discovery schedule, including both class certification and merits experts, is included in proposed discovery schedule under item 11 below.

8. **Settlement or resolution**

There have been no settlement discussions with regard to any claim or any case. Plaintiffs Co-Lead Counsel can report that no settlement initiatives or conferences have taken place to date, nor have any discussions, though Plaintiffs are prepared to do so. While Plaintiffs are open to mediation at any stage where Defendants are open to classwide resolution, there are two potential case points at which mediation might be most successful (other than prior to commencement of full discovery): (1) after Plaintiffs have been provided the basic discovery identified above, and (2) when class certification has been fully briefed but not yet decided. Defendants believe settlement discussions to be premature at this procedural posture, and believe mediation might be most successful after the pleadings are closed and basic discovery information has been exchanged. The Parties are amenable to appointment of Hon. Thomas I. Vanaskie (Ret.) for a Rule 53 appointment and will be prepared to discuss additional qualified private mediators at the July 25, 2023 case management conference.

9. **Trial**

The parties have identified Spring 2025, or shortly thereafter based on rulings on final dispositive motions, as an appropriate window for a firm trial date. Lead Counsel do not have any irreversible conflicts to advise the Court of between November 2024 and April 2025.

10. **Referral to Magistrate Judge**

The parties do not agree to a referral of this case to a Magistrate Judge for trial.

11. **Other matters**

The Court's Order of Order of July 12, 2023 (ECF No. 46 at 3) also requested that the parties address the following issues:

a. **The identity and proposed treatment of potential tag-along or related case designations for cases raising identical or similar claims against these two Defendants or other retailers.** *See, e.g., Vonbergen v. Bloomingdales.com, LLC,* **No. 22-4724 (E.D. Pa.) and** *Munday v. Avis Budget Group, Inc.*, **No. 22-4807 (E.D. Pa.); and**

No party is aware of any tag-along matter or related case that has not yet been transferred to this Court for cases raising identical or similar claims against the named Defendants in this MDL that has not been previously identified. As mentioned in the Joint Status Update of July 7, 2023 (ECF No. 42), a conditional transfer order has been entered in *Irvin v. Cabela's LLC*, No. 23-530 (M.D. Pa.); however Plaintiff Irvin and Defendants have moved to vacate the CTO and are in agreement that the *Irvin* matter should be excluded from this proceeding. Plaintiffs Co-Lead Counsel do not intend to file papers or take a position on that issue. The Parties agree to timely notify this Court and the JPML of any potential tag-along matters filed against these Defendants relating to the session replay technology at issue.

In regards to tag-along matters or cases raising similar claims against other retailers, the Parties do not believe that coordination or consolidation with the above-captioned matter is appropriate. While multiple cases involving the use of session replay code and other tracking technologies on retailer websites are currently pending in the Eastern District of Pennsylvania – and in federal and state courts across the country – the cases are no more alike than any other similar litigation challenging a pattern or practice on a classwide basis. To the

best of counsel's knowledge, none of the cases involve allegations of parallel or coordinated conduct on the part of any retailers using session replay code or other tracking technologies, and each retailer has separate contracts and relationships with both third-party vendors and its customers, along with specific decisions made about how, when, and to what degree to employ the technology involved. The Parties herein understand that counsel in the above-referenced cases is likewise in agreement that each such matter should proceed separately.

**b. A proposed schedule for class certification and summary judgment mindful we expect to address final dispositive motions in Fall 2024.**

The parties propose the following schedule for discovery, class certification, and summary judgment given the Court's prior orders and identified parameters.

| Event | Deadline | Date |
|---|---|---|
| *Commencement of Written Discovery Period* | Set in Order of July 12, 2023 (ECF No. 46 at 2) | Upon Entry of first Pretrial Order on or around July 25, 2023 |
| *Parties to Exchange Initial Disclosures* | Set in Order of July 12, 2023 (ECF No. 46 at 1-2) | July 31, 2023 |
| *Deadline for Consolidated Complaint to be filed* | Set in Order of July 12, 2023 (ECF No. 46 at 2) | August 14, 2023 |
| *Deadline for Defendants to file Answer* | Set in Order of July 12, 2023 (ECF No. 46 at 2) | August 28, 2023 |
| *Deadline for Defendants to file motion to dismiss* | Set in Order of July 12, 2023 (ECF No. 46 at 2) | September 5, 2023 |
| *Deadline for Plaintiffs to file response to motion to dismiss* | Set in Order of July 12, 2023 (ECF No. 46 at 2) | September 22, 2023 |
| *Deadline for Defendants to file reply in support of motion to dismiss* | Set in Order of July 12, 2023 (ECF No. 46 at 2) | September 29, 2023 |
| *Motion to dismiss hearing* | At the Court's discretion after briefing is completed | |
| *Plaintiffs to move for Class Certification and serve certification-related expert reports* | 9 months after commencement of written discovery | April 7, 2024 |

11

| | | |
|---|---|---|
| *Defendants to oppose Class Certification and serve certification-related expert reports* | | May 23, 2024 |
| *Plaintiffs to file Reply and any rebuttal expert reports in support of Class Certification* | | June 7, 2024 |
| *Class Certification Hearing* | At the Court's discretion after briefing is completed | |
| *Expert Merits Reports Exchanged* | | August 9, 2024 |
| *Expert Merits Rebuttal Reports Exchanged* | | August 30, 2024 |
| *Close of Fact and Expert Discovery* | To be Completed Simultaneously | October 1, 2024 |
| *All final dispositive motions to be filed* | For addressing in Fall 2024 | October 1, 2024 |
| *Deadline for responses to final dispositive motions* | | October 22, 2024 |
| *Deadline for replies in support of final dispositive motions* | | November 5, 2024 |
| *Final Dispositive Motion Hearings* | At the Court's discretion after briefing is completed | |
| *Firm Trial Date* | At the Court's discretion after final dispositive motions | Approx. Spring 2025 |

**c. Any other issues not addressed above which will affect the just and timely resolution of the case.**

Plaintiffs' Co-Lead Counsel believe that there is one attorney who properly submitted a notice of appearance and special appearance fee but was terminated from the litigation, and would like to request at the July 25, 2023 case management conference that Tiffany M. Yiatras be reinstated. Defendants have no objection to this request.

Date: <u>July 21, 2023</u>                                By: */s/      Kate M. Baxter-Kauf*
                                                            Kate M. Baxter-Kauf
                                                            Karen Hanson Riebel
                                                            Maureen Kane Berg
                                                            **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
                                                            100 Washington Avenue South, Suite 2200

12

Minneapolis, MN 55401
Tel: (612) 339-6900
kmbaxter-kauf@locklaw.com
khriebel@locklaw.com
mkberg@locklaw.com

Nicholas A. Colella (PA Bar # 332699)
Gary F. Lynch (PA Bar # 56887)
Kelly K. Iverson (PA Bar # 307175)
Jamisen Etzel (PA Bar # 311514)
Elizabeth Pollock-Avery (PA Bar # 314841)
Patrick Donathen (PA Bar # 330416)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
NickC@lcllp.com
Gary@lcllp.com
Kelly@lcllp.com
Jamisen@lcllp.com
Elizabeth@lcllp.com
Patrick@lcllp.com

Katrina Carroll
**LYNCH CARPENTER, LLP**
111 W. Washington St. Suite 1240
Chicago IL 60602
Tel: (312) 750-1265
katrina@lcllp.com

Joseph H. Kanee
**MARCUS & ZELMAN LLC**
701 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel: (786) 369-1122
joseph@marcuszelman.com

Ari H. Marcus (PA Bar # 322283)
**MARCUS & ZELMAN LLC**
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
ari@marcuszelman.com
*Plaintiffs' Co-Lead and Liaison Counsel*

Carey Alexander

13

**SCOTT & SCOTT, ATTORNEYS AT LAW, LLP**
230 Park Avenue
Ste 17th Floor
New York, NY 10169
Tel: (212) 223-6444
calexander@scott-scott.com

MaryBeth V. Gibson
**THE FINLEY FIRM, P.C.**
3535 Piedmont Rd.
Building 14, Suite 230
Atlanta, GA 30305
Tel: (404) 978-6971
mgibson@thefinleyfirm.com

Steven M. Nathan
**HAUSFELD LLP**
33 Whitehall Street Fourteenth Floor
New York, NY 10004
Tel: (646) 357-1100
snathan@hausfeld.com

James J. Pizzirusso (Md. Bar No. 20817)
**HAUSFELD LLP**
888 16th Street N.W. Suite 300 Washington, D.C. 20006
(202) 540-7200
jpizzirusso@hausfeld.com
*Plaintiffs' Steering Committee*

4889-8658-2641, v. 5
1" = "1" "4884-9896-5361 v1" "" 4884-9896-5361 v1