IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BPS DIRECT, LLC and CABELA'S, LLC, WIRETAPPING | MDL NO. 3074<br>2:23-md-03074-MAK |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

NOW, come the Defendants, BPS Direct, LLC and Cabela's, LLC, by and through their attorneys, Shook, Hardy & Bacon L.L.P., and file this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as supported by Defendants' contemporaneously filed Memorandum, and averring as follows:

1. In this matter, Plaintiffs allege sixteen causes of action relating to Defendants' alleged use of session replay technology.

2. Plaintiffs each allege that the session replay technology tracked their browsing activity while they interacted with one or both of Defendants' websites.

3. Plaintiffs assert that the alleged tracking gives rise to the following claims: (i) violation of the Federal Wiretap Act; (ii) violation of the Computer Fraud and Abuse Act ("CFAA"); (iii) violation of the California Invasion of Privacy Act ("CIPA"); (iv) statutory larceny; (v) violation of California's Unfair Competition Law ("UCL"); (vi) violation of the Maryland Wiretapping and Electronic Surveillance Act; (vii) invasion of privacy under Maryland law; (viii) violation of the Massachusetts Wiretapping Statute; (ix) invasion of privacy (under Massachusetts law); (x) violation of the Missouri Wiretap Act, (xi) violation of the Missouri Merchandising Practices Act, (xii) invasion of privacy (under Missouri law); (xiii) violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act; (xiv) invasion of privacy (under Pennsylvania law); (xv) trespass to chattels, and (xvi) conversion to chattels.

4. Plaintiffs do not adequately allege that they suffered any concrete injury caused by Defendants' alleged use of session replay technology and, as a result, all of Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) as Plaintiffs lack Article III standing.

5. Independently, each of Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as Plaintiffs fail to state any of the claims they purport to bring.

6. Specifically, Plaintiffs' claims under various wiretap statutes (Counts I, III, VI, VIII, X, and XIII) each fail for multiple reasons. First, Plaintiffs consented to the activity they now complain of, which was clearly disclosed in Defendants' publicly available privacy policies. Second, Plaintiffs' allegations fail to meet several of the necessary elements to state a claim under each of the respective statutes.

7. Next, Plaintiffs various claims for invasion of privacy (Counts VII, IX, XII, and XIV) each fails because Plaintiffs fail to adequately allege: (1) an intentional intrusion by Defendants; (2) a reasonable expectation of privacy in the data allegedly collected; and (3) that any intrusion by Defendants was "highly offensive."

8. Plaintiffs' claim under the Computer Fraud and Abuse Act (Count II) also fails because Plaintiffs fail to adequately allege Defendants' "access" or Plaintiffs' "damage" under the statute.

9. Plaintiffs' claim under California's unfair competition law (Count V) fails because Plaintiffs lack statutory standing to bring a claim under that statute and Plaintiffs fail to adequately allege an "unlawful" or "unfair" act by Defendants.

10. Plaintiff Tucker's claim under the Missouri Merchandising Practices Act (Count XI) similarly fails because Plaintiff Tucker does not allege: (1) that he made a "purchase;" (2) that

any alleged fraud by Defendants was made "in connection with" any "merchandise;" and (3) that he suffered an "ascertainable loss," all of which are necessary elements for a claim under that statute.

11. Plaintiffs' state law claims for conversion and trespass to chattels (Counts XV and XVI) each fail because Plaintiffs fail to allege a physical interference with their data and fail to allege the requisite intent. Further, Plaintiffs' consent bars these claims as well.

12. Finally, Plaintiffs' statutory larceny (Count IV) claim fails because Plaintiffs do not allege the type of loss or intent required under the California statute on which their claim is premised.

WHEREFORE, Defendants respectfully requests that this Court dismiss Plaintiffs' Consolidated Class Action Complaint with prejudice.

September 5, 2023                                                                  Respectfully Submitted,

By: ___/s/ Erin L. Leffler___
Erin (Loucks) Leffler (PA ID No. 204507)
Shook, Hardy & Bacon L.L.P.
Two Commerce Square
2001 Market St., Suite 3000
Philadelphia, PA 19103
Phone: (215) 278-2555
Fax: (215) 278-2594
eleffler@shb.com

Jennifer A. McLoone (admitted *pro hac vice*)
Shook, Hardy & Bacon L.L.P.
201 South Biscayne Boulevard
Suite 3200
Miami, FL 33131-4332
Phone: (305) 358-5171
Fax: (305) 358-7470
jmcloone@shb.com

**Counsel for Defendants**