# EXHIBIT C

2023 WL 6064845
Only the Westlaw citation is currently available.
United States District Court,
E.D. Missouri, Eastern Division.

ANN JONES, Plaintiff,
v.
BLOOMINGDALES.COM, LLC, Defendants.

Case No. 4:22-cv-01095-SEP
|
09/18/2023

SARAH E. PITLYK, UNITED STATES DISTRICT JUDGE

**MEMORANDUM AND ORDER**

\*1 This matter is before the Court on sua sponte consideration of subject matter jurisdiction. The Court finds that Plaintiff does not have standing to bring her claims in federal court and dismisses the action.

Plaintiff's claims arise out of Defendant Bloomingdales.com, LLC's use of session replay software on its website. Plaintiff asserts that session replay software, such as that used by Defendant, allows a company to intercept and record a website visitor's communications with the website, including mouse movements, clicks, keystrokes, and search terms in real time while the visitor browses the website. Doc. [19] ¶ 1. Plaintiff alleges that Defendant's use of session replay "spyware" is akin to eavesdropping and violates website visitors' reasonable expectations of privacy. *Id.* ¶¶ 2, 43, 94.

Plaintiff filed her Amended Complaint on January 19, 2023, Doc. [19], bringing ten counts against Defendant pursuant to state and federal law, including: violation of the Missouri Wiretap Act, Mo. Rev. Stat. §§ 542.400, et seq., (Count I); violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, et seq., (Count II); Invasion of Privacy – Intrusion Upon Seclusion (Count III); Trespass to Chattels (Count IV); Conversion to Chattels (Count V); violation of the Electronic Communications Privacy Act – Unauthorized Interception, Use, and Disclosure, 18 U.S.C. §§ 2511(1), et seq., (Count VI); violation of the Electronic Communications Privacy Act – Unauthorized Divulgence by Electronic Communications Service, 18 U.S.C. § 2511(3)(a), (Count VII); violation of Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, et seq., (Count VIII); violation of Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2702 et seq., (Count IX); and violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, et seq., (Count X).

On February 10, 2023, Plaintiff's counsel filed a substantially similar amended complaint on behalf of another plaintiff, Jill Adams, against a different defendant, PSP Group, LLC, in which that plaintiff brought the same claims as those brought in the instant action, based on the same alleged misuse of session replay technology. *See Jill Adams v. PSP Group, LLC*, Case No. 4:22-cv-01210 RLW, Doc. [27]. In that case, District Judge Ronnie L. White, also of the Eastern District of Missouri, recently issued an order dismissing the case for lack of subject matter jurisdiction, finding that the plaintiff had not alleged a concrete harm necessary to establish an injury in fact, and thus, she lacked standing [1] to bring the lawsuit. *Id.*, Doc. [47] at 14 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and noting many recent decisions by federal district courts across the country that have addressed Article III standing in similar cases involving session replay technology, all of which found that the plaintiffs lacked standing).

\*2 Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). Therefore, the court may raise sua sponte issues of subject matter jurisdiction, even when the parties fail to address, or even concede, the issue. *Id.* at 523; *MCC Mortgage LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue sua sponte). Upon becoming aware of Judge White's decision, and noting the similarities between the two cases, the undersigned thought it prudent to consider whether jurisdiction may be lacking here as well. The Court compared the Amended Complaint in this matter to the one filed in *Adams*, and found them to be substantially similar. In fact, even though the cases involve different plaintiffs and defendants, the allegations in the two Amended Complaints are, in legally relevant aspects, indistinguishable. While district court opinions have no binding precedential effect, the well-reasoned holding of a colleague has a strong persuasive effect. Guided by Judge White's sound reasoning, after careful consideration of the matter, the Court finds that the Plaintiff's Amended Complaint, Doc. [19], suffers from the same jurisdictional defects as the *Adams* amended

complaint. For the reasons stated in Judge White's order, the Court finds that Plaintiff has not adequately alleged that she suffered a concrete harm, and thus she has failed to satisfy the injury-in-fact element required for Article III standing. Because this Court lacks subject matter jurisdiction to hear Plaintiff's claims, they must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all pending motions in the case are **DENIED** as moot. *E.g.*, Docs. [23], [39].

The Court will issue a separate Order of Dismissal.

Dated this 18th day of September, 2023.

SARAH E. PITLYK

UNITED STATES DISTRICT JUDGE

**All Citations**

Slip Copy, 2023 WL 6064845

## Footnotes

1   Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. To establish standing, a plaintiff bears the burden of establishing: (1) an injury- in-fact that is concrete, particularized, and actual or imminent; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014).