# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BPS DIRECT, LLC and CABELA'S, LLC, WIRETAPPING | MDL NO. 3074<br>2:23-md-03074-MAK |

### [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Upon consideration of Defendants BPS Direct, LLC's and Cabela's LLC's Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint [ECF No. 54] and Plaintiffs' Response in Opposition [ECF No. 56], and based upon all of the files, records, and arguments herein, it is hereby **ORDERED** and **DECREED** that the motion is **DENIED**. Specifically:

1. Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction is **DENIED** because Plaintiffs adequately allege they suffered a concrete injury.

2. Defendants' Motion to Dismiss Plaintiffs' claims under the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.* (Count I), the California Invasion of Privacy Act, Cal. Pen. Code § 630, *et seq.* (Count III), the Maryland Wiretapping and Electronic Surveillance Act, Md. Code Ann., Cts. & Jud. Proc. § 10-401, *et seq.* (Count VI), the Massachusetts Wiretapping Statute, Mass. Gen. Laws ch. 272 & 99(Q) (Count VIII), the Missouri Wiretap Act, Mo. Stat. Ann. § 542.400, *et seq.* (Count X), and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S.A. § 5701, *et. seq.* (Count XIII) is **DENIED**. Plaintiffs adequately allege the elements required to state a claim for each count pursuant to Fed. R. Civ. P. 12(b)(6).

3. Defendants' Motion to Dismiss Plaintiffs' claims for Invasion of Privacy – Intrusion Upon Seclusion (Counts VII, IX, XII, and XIV) is **DENIED.** Plaintiffs adequately allege the elements required to state a claim for each count pursuant to Fed. R. Civ. P. 12(b)(6).

4. Defendants' Motion to Dismiss Plaintiffs' Computer Fraud and Abuse Act claim (Count II) is **DENIED.** Plaintiffs adequately allege the elements required to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

5. Defendants' Motion to Dismiss Plaintiffs' California Unfair Competition Law claim, Cal. Bus. & Prof. Code, § 17200, *et seq.* (Count V), is **DENIED.** Plaintiffs adequately allege statutory standing and the elements required to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

6. Defendants' Motion to Dismiss Plaintiff Tucker's claim under the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.* (Count XI), is **DENIED.** Plaintiff adequately alleges the elements required to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

7. Defendants' Motion to Dismiss Plaintiffs' state law claims for Trespass to Chattels and Conversion to Chattels (Counts XV and XVI) is **DENIED.** Plaintiffs adequately allege the elements required to state a claim for each count pursuant to Fed. R. Civ. P. 12(b)(6).

8. Defendants' Motion to Dismiss Plaintiffs' Statutory Larceny claim, Cal. Pen. Code §§ 484, 496 (Count IV) is **DENIED.** Plaintiffs adequately allege the elements required to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

Date: _____       _____
                                                              Hon. Mark A. Kearney
                                                              United States District Judge

4862-6917-4913, v. 2