UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC,
WIRETAPPING LITIGATION                          MDL No. 3074


### TRANSFER ORDER

**Before the Panel:** Plaintiff in the Middle District of Pennsylvania *Irvin* action moves under Panel Rule 7.1 to vacate the order that conditionally transferred his action to MDL No. 3074. Defendants BPS Direct, LLC, and Cabela's, LLC, join in the motion.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 3074, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Eastern District of Pennsylvania was an appropriate Section 1407 forum for actions alleging that the websites of retailers BPS Direct and Cabela's "are embedded with session replay code that tracks and records the activities and data of all visitors to their websites." *In re BPS Direct, LLC, and Cabela's, LLC, Wiretapping Litig.*, MDL No. 3074, __ F. Supp. 3d __, 2023 WL 3828643, at *1 (J.P.M.L. June 2, 2023). We found that the actions would "share questions of fact as to whether and how defendants record the activities and data of website users, whether that information is shared with the vendors that supplied the code, the purposes for which the information is used and by whom, how defendants' privacy policies are displayed, and where the alleged recording or interception occurs." *Id.* Like the actions in the MDL, plaintiff in *Irvin* alleges that defendants improperly record website visitors' activities and information through code embedded in their websites and that such recording constitutes illegal wiretapping.

The parties argue that transfer is inappropriate because *Irvin* differs from the MDL litigation in two ways. First, they assert that the cases centralized involve the use of Microsoft Clarity, whereas *Irvin* involves Meta's Pixel code. This is not entirely accurate. Although plaintiffs in most of the cases originally centralized alleged that defendants use Clarity, all alleged that defendants use multiple different session replay codes, and one specifically alleged that defendants use Quantum Metric code in addition to Clarity. Similarly, the consolidated class action complaint filed in the MDL on August 14, 2023, alleges that defendants' websites are embedded with a variety of session replay codes provided by multiple different third-party vendors, including "Microsoft Corporation, Quantum Metric, Mouseflow, and others." Thus, while the claims in the MDL all arise from defendants' use of session replay code, the MDL will involve discovery as to multiple versions of that code, multiple third-party providers of the code, and the extent to which defendants have provided adequate notice that they are employing these various codes. Moreover, plaintiff in *Irvin* alleges that Pixel code captures and transmits largely

- 2 -

the same types of information as session replay code, including visitors' identities and interactions with the websites and all information entered there.

The parties also oppose transfer because, unlike the cases in the MDL, *Irvin* includes a claim that the interception of information relating to the purchase of firearms violates the Pennsylvania Uniform Firearms Act. While this additional claim introduces a new legal theory, it seems unlikely to introduce significant factual differences. All plaintiffs allege that defendants improperly record information about their purchases on defendants' websites and share that information with the third-party providers of the code.

Thus, on the record before us, it appears that any distinct issues in *Irvin* can be managed through the creation of separate tracks for discovery and motion practice. However, should the transferee court conclude that the issues in *Irvin* are sufficiently distinct to make inclusion in the MDL inefficient, the action can be remanded to the transferor court without delay.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Mark A. Kearney for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC,
WIRETAPPING LITIGATION**   MDL No. 3074

## SCHEDULE A

<u>Middle District of Pennsylvania</u>

IRVIN V. CABELA'S LLC, ET AL., C.A. No. 1:23-00530