UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BPS DIRECT, LLC and CABELA'S, LLC, WIRETAPPING LITIGATION | MDL NO. 3074<br>2:23-md-03074-MAK<br><br>DECLARATION OF CAREY ALEXANDER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SESSION DATA |

Pursuant to 28 U.S.C. §1746, I, Carey Alexander, declare as follows:

1.  I am a partner at Scott+Scott Attorneys at Law LLP and counsel of record for Plaintiffs. I submit this declaration in support of Plaintiffs' Motion to Compel Production of Session Data. I have personal knowledge of the matters set forth herein and would testify competently to them if called upon to do so.

2.  Attached as **Exhibit 1** is a true and correct copy of Plaintiffs' First Set of Discovery Requests to Defendants dated August 14, 2023. Plaintiffs' Request for Production No. 7, calling for the production of "[a]ll Session Replays related to Plaintiffs and the Class Members," appears on Page 9 of Exhibit 1.

3.  Attached as **Exhibit 2** is a true and correct copy of Defendants BPS Direct, LLC and Cabela's LLC's ("Defendants") Responses to Plaintiffs' First Requests for Production dated September 27, 2023. Defendants' Response to Request No. 7 appears on Page 4 of Exhibit 2.

4.  Attached as **Exhibit 3** is a true and correct copy of Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, directed to Quantum Metric, Inc. ("Quantum Metric"), dated September 1, 2023. Plaintiffs' Request for Production No. 3, calling for the production of "[a]ll Data Recordings and/or Session Replays

1

related to Plaintiffs and the Class Members, including but not limited to underlying metadata," appears on Page 3 of Exhibit 3.

5. Attached as **Exhibit 4** is a true and correct copy of Third-Party Quantum Metric's Objections and Responses to Plaintiffs' Subpoena for Production of Business Records, dated October 13, 2023. Quantum Metric's Response to Plaintiffs' Request for Production No. 3 appears on Page 4 of Exhibit 4.

6. On October 23, 2023, following the status conference that day with the Court and entry of the Court's Order, ECF No. 67, Plaintiffs asked to meet and confer regarding Defendants' Responses.

7. On October 26, 2023, Plaintiffs asked Defendants to be prepared to discuss their Responses to certain Requests, including Request No. 7, as part of the parties' meet and confer. Plaintiffs specifically asked Defendants to be prepared to explain the size, format, location, and accessibility of session data.

8. The parties met and conferred on October 30, 2023, for approximately one hour. During the meet and confer, Defendants confirmed that they were standing on each of their objections to producing responsive classwide session data. Defendants could not explain the size of the session data, the number of fields associated with session replays, whether the session data could be queried other than by email address, or what the cost of producing the session data would be. Plaintiffs again asked Defendants to provide the requested information. As an alternative to production, Plaintiffs proposed receiving read-only access to Quantum Metric's platform.

9. Attached as **Exhibit 5** is a true and correct copy of emails exchanged between Plaintiffs and Defendants between October 23, 2023 and October 30, 2023.

10. On October 31, 2023, Defendants confirmed that they had identified session replay data for one session associated with Plaintiff Moore and metadata for sessions associated with Plaintiff Moore and Plaintiff Cornell.

11. The same day, Plaintiffs reiterated their request that Defendants specify the size of the responsive data and to otherwise provide information regarding the burden associated with the production of responsive data. Plaintiffs asked a series of questions relating to the session data available and requested that Defendants confirm whether Defendants were continuing to withhold consent to Quantum Metric's production of session data on the basis of provisions in Defendants' Enterprise Service Terms and Conditions with Quantum Metric.

12. On November 1, 2023, Defendants confirmed that they were continuing to withhold consent to Quantum Metric's production of session replay data. Defendants further confirmed that they did not have information regarding the size of responsive documents in terms of gigabytes or terabytes and that Defendants assessed the burden of production by reference to the number of responsive sessions.

13. The parties met and conferred on November 2, 2023, for approximately one hour. During the meet and confer, Defendants confirmed that although metadata is distinct from session replay data, both are available through Quantum Metric's platform. Defendants confirmed that they had not investigated the burden of producing metadata, but stated that metadata could be produced as a simple export to delimited file such as a .csv file or an Excel file. Defendants confirmed that they objected to producing classwide metadata for the same reasons they objected to producing responsive session data.

14. On November 2, 2023, Defendants produced certain code associated with session replays, session metadata for sessions associated with Plaintiff Moore and Plaintiff Cornell, and

definitions of the fields in the metadata. Defendants did not produce session replay data for the one session associated with Plaintiff Moore.

15.     Attached as **Exhibit 6** is a true and correct copy of emails exchanged between Plaintiffs and Defendants between October 31, 2023 and November 7, 2023.

16.     As of the time of this Declaration's execution, approximately 3:00 pm ET on November 7, 2023, Defendants have not produced session replay data for the one session associated with Plaintiff Moore, information sufficient to understand how the session replay data is structured, or information sufficient to understand how to properly interpret session replay data.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2023
New York, New York                                              Carey Alexander