# EXHIBIT 2

BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| | |
|---|---|
| IN RE: BPS AND CABELA'S WIRETAPPING LITIGATION | MDL No. 3074 |

**DEFENDANTS BPS DIRECT, LLC AND CABELA'S LLC's
RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants, BPS Direct, LLC and Cabela's LLC, ("Defendants") respond to Plaintiffs' First Request for Production served on August 14, 2023, and states as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1. Defendants' responses to Plaintiffs' Requests have been prepared according to the Federal Rules of Civil Procedure pursuant to a reasonable and duly diligent investigation and search for responsive information and documents.

2. Defendants' responses are made without in any way intending to waive or waiving, but on the contrary, intending to preserve and preserving:

    a. the right to object on any grounds to the use or introduction into evidence of the responses to these Interrogatories;

    b. the right to object to the use of these responses in any subsequent proceeding in, or the trial of, this or any other action; and

    c. the right to object on any ground at any time to other document requests or discovery involving the information produced in response to these Requests.

4878-0983-1295

3. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known. Defendants are continuing its own investigation of the subject matter of this litigation. The responses contained herein are based only upon such factual information and documents that are presently available and specifically known to Defendants. It is anticipated that further discovery, investigations, legal research, and analysis will supply additional facts, add meaning to the known facts, and establish new factual contentions and legal conclusions, all of which may lead to additions to, changes in, and variations from the responses contained herein. Defendants expressly reserves the right to rely on or use, before or during trial, any facts or documents which may be subsequently uncovered as a result of ongoing discovery and investigation, or which may be adduced at trial.

4. Defendants objects to Plaintiffs' requests insofar as they exceed the scope of discovery provided by Rule 26 and 33 of the Federal Rules of Civil Procedure and any other applicable law.

5. Defendants objects to Plaintiffs' Requests insofar as they seek information protected by any privilege. Defendants reserves all rights pursuant to Rule 502 of the Federal Rules of Evidence.

6. Defendants objects to the "Instructions" in Plaintiffs' Requests to the extent that they purport to require Defendants to take any act or provide any information not mandated by the Federal Rules of Civil Procedure and applicable Local Rules.

**Request No. 1:**  Every insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you or reimburse you for payments made to satisfy the judgment, irrespective of whether you have or intend to make such a claim, and every insurance application completed by you, whether or not related to an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against you in this action or to indemnify you or reimburse you for payments made to satisfy the judgment.

Response:  Defendants object to this Request as it does not seek information that is relevant to the claims at issue in this case nor is the Request proportional to the needs of the case for which the information is sought. Defendants also object to this Request in that it is not limited to a relevant time period.  Defendants' insurance coverage applies on a claims-made basis and therefore only 2022 policy year information is relevant. In addition, Defendants object to this Request in that it seeks information that is confidential, proprietary and/or trade secret.  Notwithstanding this objection, Defendants will produce insurance agreements in place during the defined time period which may potentially provide coverage.

**Request No. 2:**  The Declarations pages for all insurance agreements identified in Section D of Defendants' Initial Disclosures.

Response:   Defendants will produce responsive documents.

**Request No. 3:**  Documents and ESI, including organizational charts, sufficient to identify all Persons who may possess knowledge relevant to this Action.

Response:  Defendants object to this Request as it does not seek information that is relevant to the claims at issue in this case nor is the Request proportional to the needs of the case for which the information is sought. Defendants also object to Plaintiff's use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient. Finally, Defendants object to this Request as it seeks information that is confidential, proprietary and/or trade secret.  Answering the non-objectionable portion of this Request, Defendants refer Plaintiffs to their Initial Disclosures as well as their Answer to Interrogatory Number 3.

**Request No. 4:** Documents and ESI sufficient to identify all databases, networks, or any other repositories of information under Your control that may contain Documents and ESI relevant to this Action.

Response:  Defendants object to this Request as it does not seek information that is relevant to the claims at issue in this case nor is the Request proportional to the needs of the case for which the information is sought. Defendants also object to Plaintiff's use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient. Finally, Defendants object to this Request as it seeks information that is confidential, proprietary and/or trade secret.

**Request No. 5:**  Documents and ESI sufficient to identify all methods and media utilized by Your employees for inter-office (internal) Communication in the course of their work, including but not limited to inter-office mail (electronic and physical), reports (electronic and physical), chats, telephone use and voice mail, text messaging, and video chats, as well as how and where such Communications are stored.

<u>Response</u>:  Defendants object to this Request as it does not seek information that is relevant to the claims at issue in this case nor is the Request proportional to the needs of the case for which the information is sought. Defendants also object to Plaintiff's use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient. Finally, Defendants object to this Request as it seeks information that is confidential, proprietary and/or trade secret.

**Request No. 6:**  All Documents and ESI sufficient to identify each process and/or piece of Architecture involved in Recording visits to Your Websites, including documents sufficient to illustrate the flow of data from website visitor to any final storage server and/or cloud service.

<u>Response</u>:  Defendants object to this Request as it does not seek information that is relevant to the claims at issue in this case nor is the Request proportional to the needs of the case for which the information is sought. Defendants also object to Plaintiff's use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient. Finally, Defendants object to this Request as it seeks information that is confidential, proprietary and/or trade secret.

**Request No. 7:**  All Session Replays related to Plaintiffs and the Class Members.

<u>Response</u>:  Defendants object to this Request to the extent that it seeks information about putative class members prior to class certification.  Defendants also object to this Request as it is not proportional to the needs of the case and is overly burdensome.  As stated in response to Interrogatory Number 2, there are 23.1 million sessions available for the prior 30-day time period.  Moreover, in the ordinary course of business, Session Replays are not personally identifiable.  Defendants are therefore unable to respond to this Request as to Plaintiffs.

**Request No. 8:**  All Data Recordings related to Plaintiffs and the Class Members.

<u>Response</u>:  To the extent that "Data Recordings" are defined as something other than "Session Replays", Defendants do not have access to "Data Recordings."

**Request No. 9:**  Documents and ESI sufficient to identify the total number of members in each Subclass and in the National Class.

<u>Response</u>: Defendants object to the use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient.  Defendants object to this Request in that it asks for Defendants to identify the "number of members" who visited its websites, which Defendant is unable to do (as explained

4

below).  Finally, Defendants object to this Request as it seeks information that is confidential, proprietary and/or trade secret.  Answering the non-objectionable portion of this Request, Defendants will produce, subject to a confidentiality agreement, a report showing number of visits to the cabelas.com and basspro.com websites annually from August 2020 through 2023 (to date) from IP addresses located in the United States and in each of the State subclasses.  In so doing, Defendants do not concede that: 1) the number of visits to the website from an IP address located in any given state is equivalent to the number of people who visited the websites; 2) that visiting from an IP address located in a given state is determinative of whether the website visitor was physically in that state at the time of the website visit, or 3) that visits from an IP address located in a state is determinative of whether the website visitor is a resident of that state.  Defendants do not have information to show the number of website visits prior to August 2020. Defendants also refer Plaintiffs to their Response to Request for Admission Number 2 and their Answer to Interrogatory Number 8 with regard to whether session replay captures all website visits.

**Request No. 10:**  Documents and ESI sufficient to identify the total number of Session Replays related to each Subclass and the National Class Members.

Response:  Defendants object to this Request as not proportional to the needs of the case and state that this is more appropriately requested via Interrogatory.  Defendants further refer Plaintiffs to their answer to Interrogatory Number 2.

**Request No. 11:**   Documents and ESI sufficient to identify the total number of Recordings related to each Subclass and the National Class Members.

Response:  Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recording" includes information captured other than through Session Replay JavaScript Code.  Defendants also object to the characterization of Session Replay JavaScript Code as "recording".  Answering the non-objectionable portion of this Request, Defendants state that to the extent "Recordings" are something other than "Session Replays", Defendants do not have access to Recordings.

**Request No. 12:**  Documents and ESI sufficient to identify the total number of instances in which Subclass and National Class Members were Recorded.

Response:  Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recorded" includes information captured other than through Session Replay JavaScript Code.  Defendants also object to the characterization of Session Replay JavaScript Code as "recording". Answering the non-objectionable portion of this Request, Defendants state that Session Replay JavaScript code captured all website visits and therefore refers Plaintiffs to the information produced in response to Request Number 9, with the understanding that Defendants do not concede that: 1) the number of visits to the website from an IP address located in any given state is equivalent to the number of people who visited the websites; 2) that visiting from an IP address located

5

in a given state is determinative of whether the website visitor was physically in that state at the time of the website visit, or 3) that visits from an IP address located in a state is determinative of whether the website visitor is a resident of that state.

**Request No. 13:**   Documents and ESI sufficient to identify the following for each Class Member: (a) their internet protocol address; (b) their geographic location; (c) their internet service provider; and (d) the dates on which they were Recorded by You.

<u>Response</u>:  Defendants object to this Request as it is not proportional to the needs of the case prior to class certification.  Defendants further refer Plaintiffs to their Response to Request No. 7.

**Request No. 14:**   All Communications between You and any Session Replay Provider regarding Recording visits to Your Websites and/or this lawsuit.

<u>Response</u>:  Defendants object to this Request to the extent that it seeks information that is not relevant to the claims in that it seeks information that post-dates the filing of this lawsuit.  Defendants further object to this Request to the extent that the definition of "Recording" includes technology other than session replay.  Answering the non-objectionable portions of this Request, Defendants will produce communications with session replay providers from relevant custodians regarding the session replay settings and/or information captured.

**Request No. 15:**   Copies of all JavaScript code from any Session Replay Provider used on Your Websites at any point in time.

<u>Response</u>:  Defendants object to this Request to the extent that it seeks JavaScript code for products other than session replay.  Defendants also object to this Request as the JavaScript code from any Session Replay Provider is a proprietary product owned by the Session Replay Provider and used by Defendants pursuant to the terms of an agreement with that Provider.  Defendants will meet and confer with Plaintiffs as to the technical limitations on their ability to respond to this Request.

**Request No. 16:**   Documents and ESI sufficient to identify the dates during which any JavaScript code from any Session Replay Provider was active, enabled, and/or operating in Your Websites.

<u>Response</u>:  Defendants object to this Request as not relevant to the claims or defenses in the lawsuit and not proportional to the needs of the case to the extent that it seeks information about JavaScript Code from any Session Replay Provider other than Session Replay JavaScript Code.  Defendants also object to the use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient.  Finally, Defendants object to this Request to the extent that it seeks information that is confidential, proprietary and/or trade secret; however, no documents are being withheld on the basis of this objection.  Answering the non-objectionable portions of this Request,

6

Defendants will produce the contracts with Session Replay Providers for session replay, subject to the terms of a confidentiality agreement.

**Request No. 17:** Documents and ESI sufficient to identify any consent, permission, and/or authorization You claim to have received from Plaintiffs to Record their visits to Your Websites.

Response: Defendants will produce non-privileged documents responsive to this Request.

**Request No. 18:** Documents and ESI sufficient to identify any consent, permission, and/or authorization You claim to have received from Class Members to Record their visits to Your Websites.

Response: Defendants will produce non-privileged documents responsive to this Request. If necessary, Defendants will redact class member identities until the time of class certification.

**Request No. 19:** All Documents and ESI describing and/or containing the names, descriptions, and identifying features of any documents, files, or Communications created and/or maintained in connection with the Recording of Plaintiffs' visits to Your Websites.

Response: Defendants object to this Request as it is not proportional to the needs of the case and is more appropriately asked as an Interrogatory. Defendants also object that the Request is overbroad in scope. Answering the non-objectionable portion of this Request Defendants state that Session Replays are not stored by Defendants, but are accessed by Defendants via a database provided by its session replay provider.

**Request No. 20:** All Documents and ESI describing and/or containing the names, descriptions, or identifying features of any files created and/or maintained in connection with the Recording of the Class Members' visits to Your Websites.

Response: Defendants object to this Request as it is not proportional to the needs of the case and is more appropriately asked as an Interrogatory.

**Request No. 21:** All contracts and agreements between You and any Session Replay Provider.

Response: Defendants object to this Request as not relevant to the claims or defenses in this case and not proportional to the needs of the case to the extent that it seeks contracts and agreements with "Session Replay Provider(s)" for products/services other than the Session Replay technology at issue in this lawsuit. Defendants also object to this Request to the extent that it seeks information that is confidential, proprietary or trade secret; however, Defendants are not withholding documents on that basis. With regarding to contracts and agreements for Session Replay, Defendants will produce responsive documents for the defined time period subject to the terms of a confidentiality agreement.

**Request No. 22:** All Documents and ESI concerning or identifying Plaintiffs.

Response:  Defendants object to this Request as it is not proportional to the needs of this case.  As written, without any limitation, Plaintiff seeks any and all documents and communications "concerning" Plaintiff which would require Defendants to search, for example, purchase information, customer service information, HR information, legal information, etc., without regard to the fact that Plaintiff's lawsuit is limited to the use of session replay software.  Moreover, Defendants object to this Request to the extent that it seeks information that is attorney-client privileged or protected work product.  Any such privileged information which post-dates the filing of this lawsuit will not be logged.  Answering the non-objectionable portion of this Request, for those Plaintiffs who have made purchases on basspro.com or cabelas.com during the defined time period, Defendants will produce information related to those purchases.  However, Defendants cannot, in the ordinary course of business, associate a website visit, without more, to an individual. Moreover, Defendant cannot associate all purchases made by an in-store customer to a given individual nor can Defendants associate all customer service inquiries to a given individual.  Defendants are willing to meet and confer with Plaintiffs if further specific information is requested.

**Request No. 23:**  All internal Communications, documents, and/or ESI regarding or discussing Recording visits to Your Websites.

Response:  Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recording" includes information captured other than through Session Replay JavaScript Code.  Defendants also object to the characterization of Session Replay JavaScript Code as "recording".  Answering the non-objectionable portion of this Request, Defendants will produce internal communications with relevant custodians regarding the session replay settings and/or information captured.

**Request No. 24:**  Documents and ESI sufficient to identify the Session Replays of any Class Member that were scrubbed or deleted from any of Your databases or databases to which You have access.

Response:  Defendants do not maintain a database of Session Replays and do not have any documents responsive to this Request.

**Request No. 25:**  Documents and ESI sufficient to identify any Session Replays of Plaintiffs that were scrubbed or deleted from any database.

Response:  Defendants do not maintain a database of Session Replays and do not have any documents responsive to this Request.

**Request No. 26:**  All Documents and ESI concerning any agreement, whether formal or informal, between You and any third party, regarding Recording of visitors to Your Websites, including, but not limited to, those concerning the sale of Data Recordings and/or Session Replays.

Response: Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recording" includes information captured other than through Session Replay JavaScript Code. Defendants also object to the characterization of Session Replay JavaScript Code as "recording". Further, Defendants object to the request for "all documents and ESI concerning any agreement" rather than simply the agreements themselves and to the extent that this Request seeks information for example, regarding contract negotiations. Defendants also object to the extent that this Request seeks privileged information and/or information that is confidential, trade secret and/or proprietary. Answering the non-objectionable portion of this Request, Defendants refer Plaintiffs to their responses to Request Numbers 14 and 23.

**Request No. 27:** All Communications between You and any third party regarding or discussing Recording of visitors to Your Websites.

Response: Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recording" includes information captured other than through Session Replay JavaScript Code. Defendants also object to the characterization of Session Replay JavaScript Code as "recording". Defendants also object to the extent that this Request seeks privileged information and/or information that is confidential, trade secret and/or proprietary. Answering the non-objectionable portion of this Request, Defendants refer Plaintiffs to their responses to Request Numbers 14 and 23.

**Request No. 28:** All internal memos or Communications regarding or discussing the Recording of visitors to Your Websites.

Response: Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recording" includes information captured other than through Session Replay JavaScript Code. Defendants also object to the characterization of Session Replay JavaScript Code as "recording". Answering the non-objectionable portion of this Request, Defendants will produce internal communications with relevant custodians and/or memos regarding session replay settings and/or information captured.

**Request No. 29:** All policies and procedures regarding or discussing the Recording of visitors to Your Websites.

Response: Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recording" includes information captured other than through Session Replay JavaScript Code. Defendants also object to the characterization of Session Replay JavaScript Code as "recording". Defendants further object to the extent that this Request seeks information that is confidential, proprietary and/or trade secret. Answering the non-objectionable portion of this Request, Defendants will produce responsive non-privileged documents that they are able to locate after a reasonably diligent search.

**Request No. 30:**  Documents and ESI sufficient to describe the process of Recording visits to Your Websites.

Response:  Defendants object to this Request as not relevant to the claims or defenses and not proportional to the needs of the case to the extent that the term "Recording" includes information captured other than through Session Replay JavaScript Code.  Defendants also object to the characterization of Session Replay JavaScript Code as "recording".  Defendants further object to the extent that this Request seeks information that is confidential, proprietary and/or trade secret.  Answering the non-objectionable portion of this Request, Defendants do not have any additional responsive documents available after a reasonably diligent search, beyond what it already being produced.

**Request No. 31:**  Documents and ESI sufficient to identify all individuals that were involved in and/or were part of the decision to Record visits to Your Websites.

Response:  Defendants object to the use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient.  Answering the non-objectionable portion of this Request, Defendants refer Plaintiffs to their response to Request Number 23.

**Request No. 32:**  Documents and ESI sufficient to identify any mechanism for opting out of being Recorded, if any, that was available to Plaintiffs and/or the Class Members.

Response:  Defendants object to the use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient.  Defendants will produce responsive non-privileged documents that they are able to locate after a reasonably diligent search.

**Request No. 33:**  All Documents and ESI regarding any investigation and/or complaint regarding the Recording of visitors to Your Websites of which you are aware.

Response:  Defendants object to the term "Recording" to the extent it is not limited to information captured via Session Replay JavaScript Code.  Answering the non-objectionable portion of this Request, prior to the commencement of this litigation, Defendants had not received complaints about their use of session replay JavaScript code and Defendants therefore have no non-privileged responsive documents.

**Request No. 34:**  All Documents and ESI regarding Your providing access to, or copies of, Data Recordings and/or Session Replays to any third party, including the scope of such access.

Response:  Defendants do not provide access or copies of Data Recordings or Session Replays to any third party and therefore have no documents responsive to this Request.

**Request No. 35:**  Documents and ESI sufficient to identify the purposes for which You use Data Recordings and/or Session Replays.

10

Response: Defendants object to the use of the term "documents sufficient to identify" which is vague and ambiguous and subject to differing interpretations as to what documents are sufficient. Answering the non-objectionable portion of this Request, Defendants refer Plaintiffs to the contracts with session replay providers, as well as communications being produced in connection with other requests herein.

**Request No. 36:** All Documents and ESI regarding the use of Data Recordings and/or Session Replays by any third parties for any purpose.

Response: Defendants object to this Request in that it is not proportional to the needs of the case in that it seeks "[a]ll documents and ESI regarding the use of Data Recordings and/or Session Replays". Answering the non-objectionable portion of this Request, Defendants refer Plaintiffs to the contracts with session replay providers, as well as communications being produced in connection with other requests herein.

**Request No. 37:** All Documents and ESI related to Your Privacy Policy, including any changes or modifications to Your Privacy Policy and practices concerning your Privacy Policy.

Response: Defendants object to this Request in that it is not proportional to the needs of the case in that it seeks "[a]ll documents and ESI related to Your Privacy Policy" as opposed to just the privacy policy versions themselves. Defendants further object to the extent that this Request seeks information that is privileged and/or confidential, trade secret and/or proprietary. Answering the non-objectionable portion of this Request, Defendants will produce non-privileged responsive documents that they are able to locate after a reasonably diligent search reflecting the various versions of Defendants' privacy policy during the defined time period.

**Request No. 38:** All Documents and ESI that You contend evidence or substantiate Your defenses in this Action.

Response: Defendants refer Plaintiffs to the documents being produced in connection with these Requests and/or identified in Defendants' Initial Disclosures.

**Request No. 39:** All Documents and ESI related to Your policies, practices, or procedures, if any, regarding the retention or destruction of Documents, files, and ESI, including emails, email backup or archive tapes, hard drives, and corporate storage, including, without limitation, any changes or modifications in such policies or practices.

Response: Defendants object to this Request as it is not relevant to the claims or defenses in this case and is not proportional to the needs of the case.

**Request No. 40:** All Documents and ESI related to Your policies, practices, or procedures, if any, regarding the retention or destruction of Data Recordings and/or Session Replays.

Response: Defendants object to the term "Data Recording" to the extent it is not limited to information captured via Session Replay JavaScript Code. Answering the non-

objectionable portion of this Request, with respect to information captured via session replay JavaScript code, Defendants do not maintain Data Recordings and/or Session Replays and therefore do not have policies or procedures regarding their retention or destruction.

Dated: September 27, 2023

Respectfully submitted,

s/ *Jennifer A. McLoone*
Jennifer A. McLoone (FBN 029234)
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
T: 305.358.5171
F: 305.358.7470
E: *jmcloone@shb.com*

*Attorney for Defendants
  BPS Direct, LLC; Cabela's LLC and
  Cabela's Retail MO, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 27, 2023 the foregoing was served via email on counsel for Plaintiffs pursuant to the agreement entered into by the parties on July 6, 2023 (ECF 42).

/s/ *Jennifer A. McLoone*
Jennifer A. McLoone