# EXHIBIT 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Plaintiff*<br>v.<br>*Defendant* | )<br>)<br>) Civil Action No.<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*                                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:23-md-03074-MAK   Document 74-4   Filed 11/07/23   Page 4 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

### *SECTION I:* DEFINITIONS

(1) **"Action"** means *In re: BPS Direct, LLC and Cabela's, LLC, Wiretapping Litigation*, MDL No. 3074, No. 2:23-md-03074-MAK (E.D. Pa.), and any action transferred thereinto.

(2) **"Architecture"** refers to each piece of infrastructure – including but not limited to source code, JavaScript code, software, applications, web crawlers, hardware, servers, and networks – utilized to operate, implement or otherwise facilitate the operation of your services on the Websites.

(3) **"BPS"** shall mean the Defendants named in the above action.

(4) "**Class Members**" shall mean all persons within the Unites States who visited the Websites and whose visit(s) were Recorded by You between January 1, 2016 to present. For purposes of identifying the geographic location of a Class Member, You may rely on any appropriate data, including but not limited to internet protocol address and/or geolocation indicator associated with a visit to the Websites that reflect the originating source of the visit.

(5) **"Communication"** means the conveyance (in the form of facts, ideas, thoughts, opinions, data, inquiries or otherwise) of information and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, mail, email, and postings of any type.

(6) **"Data Recording(s)"** shall mean, as applicable, the data copied, collected, stored, intercepted, captured, read, re-routed, forwarded, redirected, and/or received as a result of Recording a visit to the Websites.

(7) "**Document**" shall include any written or graphic matter or any other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, computer disks, electronic mail (e-mail), schedules, affidavits, contracts, transcripts, surveys, graphic representation of any kind, photographs, graphs, microfilms, videotapes, tape recordings, electronically stored material, motion pictures or other films. Further, the word "Documents" shall be deemed to include the original and any draft thereof, and any copy of an original or a draft which differs in any respect from such original or draft.

(8) **"Electronic Media"** means any magnetic, optical, or other storage media device used to record or access ESI including, without limitation, computer memory, hard disks, floppy disks, flash memory devices, CDs, DVDs, Blu-ray disks, cloud storage (e.g., DropBox, Box, OneDrive, and SharePoint), tablet computers (e.g., iPad, Kindle, Nook, and Samsung Galaxy), cellular or smart phones (e.g., BlackBerry, iPhone, Samsung Galaxy), personal digital assistants, magnetic tapes of all types or any other means for digital storage and/or transmittal.

(9) **"ESI"** or **"Electronically Stored Information"** refers to information and Documents – with all Metadata intact – created, manipulated, communicated, stored, and best utilized in digital form, and requiring the use of Electronic Media to access. Such information includes emails, email attachments, message boards, forums, support tickets, support articles, security alerts, pop-ups, videos, discussion boards, data, charts, BETA results, error messages, bug reports, source code, investigative reports, monitoring reports, comments, press releases, drafts, models, templates, Websites, instant messages, chats, and intercompany and intra- company Communications.

(10) **"Including"** means "including but not limited to" and "including without limitation."

(11) **"Metadata"** refers to structured information about an electronic file that is embedded in the file, describing the characteristics, origins, usage and validity the electronic file.

(12) **"Person"** shall mean any natural person, entity, corporation, partnership, association, joint venture, trust, government unit, agency, branch, or office or any subdivision or department thereof.

(13) **"Plaintiffs"** shall mean the named Plaintiffs in this Action.

(14) **"Record,"** **"Recorded,"** or **"Recording"** shall mean, as applicable, to enable, run, activate, and/or operate computer script code on the Websites, that was provided by You, to copy, record, intercept, capture, read, observe, re-route, forward, redirect, and/or receive data associated with, but not limited to, any of the following activities by a visitor to the Websites: scrolling behavior, mouse movements, mouse clicks, content of the pages viewed, information inputted, pages viewed, search queries, and/or keystrokes.

(15) **"Relate(s) to"** **"Related to"** or **"Relating to"** shall be construed to mean referring to, reflecting, concerning, pertaining to or in any manner being connected with the matter discussed.

(16) **"Session Replay(s)"** shall mean the browsing session and/or playback generated as a result of Recording a visit to the Websites.

(17) **"You"** or **"Your"** shall mean Quantum Metric, Inc., including any of Your directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), and any other person purporting to act on Your behalf. In the case of business entities, these defined terms include parents, subsidiaries,

affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf.

(18) "**Websites**" shall mean the following Websites and any page on any subdomain of: basspro.com and cabelas.com, respectively.

### *Section X:* Relevant Time Period

Unless otherwise specifically indicated, the following requests refer to the period from January 1, 2016 through the present (the "Relevant Time Period") and shall include all Documents and information that relate to such period, even if prepared or published outside of the Relevant Time Period.

### *SECTION II:* DOCUMENTS

(1) Documents and ESI sufficient to identify the databases, networks, or any other repositories of information under Your control that may contain Documents and ESI relevant to this Action.

(2) Documents and ESI sufficient to identify each process and/or piece of Architecture involved in Recording visits to the Websites, including but not limited to Documents reflecting the flow of data from point of origin to point of storage in Your process of Recording visits to the Websites.

(3) All Data Recordings and/or Session Replays related to Plaintiffs and the Class Members, including but not limited to underlying metadata.

(4) All documents and ESI reflecting the analytics and/or summary data related to the information identified in Request 3.

(5) Documents and ESI sufficient to identify the total number and number in each state of Class Members Recorded by You.

(6) Documents and ESI sufficient to identify the total number of Recordings and/or Session Replays related to Class Members.

(7) Documents and ESI sufficient to identify the data elements You captured in the process of Recording visits to the Websites.

(8) Documents and ESI sufficient to identify the data elements of Class Members, including: (a) their internet protocol address; (b) their geographic location; (c) their internet service provider; (d) the dates on which they were Recorded by You; (e) their name; (f) any unique ID or identifier associated with them; (g) their address; (h) their email.

(9) All communications between You and BPS regarding Recording visits to the Websites and/or this Action.

(10) Documents and ESI sufficient to identify any JavaScript code provided or used by You that was on the Websites at any point in time, including, without limitation,
    (a) copies of all JavaScript code provided or used by You that was on BPS's Websites at any point in time;
    (b) Documents and ESI sufficient to identify the dates during which any JavaScript code provided or used by You was active, enabled, and/or operating on the Websites; and
    (c) Documents and ESI sufficient to identify all code repositories for any JavaScript Code and/or source code related to any of these requests.

(11) Documents and ESI sufficient to understand the data, including names, descriptions, and identifying features of any Documents, files, or communications, created and/or maintained in connection with the Recording of Plaintiffs' and the Class Members' visits to the Websites.

(12) Documents and ESI sufficient to understand Session Replay database schemas associated with the Recording of Plaintiffs' and the Class Members' visits to the Websites, including Documents and ESI describing all tables, all database views, all stored procedures or triggers used, all scripts that load startup values for data (including seed data, dummy info, sample users, example sets, lookup tables or dictionary files), and all scripts or programs used to instantiate the database (including any/all README or HOWTO files/documentation) if no dump file is provided.

(13) Documents sufficient to understand the database, database schema, data formats and any other related information identified in Request 10 that You provided to employees in Your organization who work with Your database and the data therein.

4

(14)    All contracts and agreements between You and BPS.

(15)    All Documents and ESI Relating to or identifying Plaintiffs.

(16)    Documents and ESI sufficient to identify the Session Replays of Plaintiffs or any Class Member that were scrubbed or deleted from any of Your databases or databases to which You have access.

(17)    Documents and ESI concerning any agreement, whether formal or informal, between You and any third party, regarding Recording of visitors to BPS's Websites, including, but not limited to, those concerning the sale of Data Recordings and/or Session Replays.

(18)    Documents and ESI sufficient to identify each process and/or piece of Architecture involved in Recording visits to BPS's Websites, including, without limitation, all Documents and ESI sufficient to describe the process of Recording visits to BPS's Websites.

(19)    Documents and ESI sufficient to identify the policies and procedures followed or maintained by You with respect to any of the following: (a) Recording visits to the Websites; (b) the redaction of personal identifying and/or private information contained within Session Replays; and (c) the manner or method of storing, archiving, or otherwise maintaining Data Recordings and/or Session Replays.

(20)    Documents and ESI sufficient to identify any mechanism for opting out of being Recorded, if any, that was available to Plaintiffs and/or the Class Members.

(21)    Documents and ESI sufficient to identify the purpose(s) for which You use Data Recordings and/or Session Replays, including, Documents and ESI sufficient to understand the use of Data Recordings and/or Session Replays by any third parties for any purpose, Documents and ESI sufficient to understand whether, why, and to whom You provided access to, or copies of, Data Recordings and/or Session Replays to any third party, including the scope of such access.

(22)    Documents and ESI sufficient to understand Your policies, practices, or procedures, if any, regarding the retention or destruction of Data Recordings and/or Session Replays including any changes or modifications in such policies or practices.

5

(23)    Documents such as "data libraries" sufficient to explain the meaning of any data You produce in response to these requests.

(24)    Documents and ESI sufficient to understand whether and how You can identify distinct Persons in Data Recordings and/or Session Replays.

(25)    Documents and ESI sufficient to identify Your employees involved in the use of JavaScript code on the Websites.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: BPS DIRECT LLC, AND CAEBELA'S LLC, WIRETAPPING LITIGATION | MDL NO. 3074 |

## DECLARATION OF CUSTODIAN OF RECORDS.

1. My name is _____. I am competent to testify and have personal knowledge of the facts stated herein.

2. I am employed by and am the custodian of records for **Quantum Metric, Inc.** Attached hereto are ___ pages of records of **Quantum Metric, Inc.**

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with knowledge of those matters. The attached records were kept by Quantum Metric, Inc. in the regular course of its business, and as a regular practice of Quantum Metric, Inc. The attached records were made in the course of the regularly conducted business activities of Quantum Metric, Inc. and as a regular practice of Quantum Metric, Inc.

4. The records attached hereto are exact duplicates of the originals.

5. I declare under penalty of perjury that the foregoing is true and correct.

2

_____
Signature

Dated: _____

2