# EXHIBIT 4

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: BPS DIRECT LLC AND CABELA'S, LLC, WIRETAPPING LITIGATION | MDL No. 3074 CIVIL ACTION NO. 2:23-md-03074-MAK (HON. MARK A. KEARNEY) |

## THIRD PARTY QUANTUM METRIC, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

Pursuant to Federal Rule of Civil Procedure 45, Third Party Quantum Metric, Inc. objects and responds to Plaintiffs' Subpoena for Production of Business Records dated September 1, 2023.[1]  Defendants have informed Quantum that they do not consent to Quantum producing their confidential data, information, or documents in response to the requests identified below until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.  Further, Quantum objects to producing any of its own confidential or highly confidential information until the parties enter into an appropriate confidentiality agreement.

## PRELIMINARY STATEMENT

Quantum's objections and responses are based only upon such information and documents as are currently available and specifically known to Quantum, upon Quantum's information and belief, and upon Quantum's current understanding of the facts and claims

---

[1] This response is being timely provided pursuant to the extension granted by Plaintiffs to and including October 13, 2023.

sf-5647344

alleged in the operative Complaint.  (ECF No. 53.)  Without in any way obligating itself to do so, Quantum reserves the right to amend, modify, supplement, clarify, or explain its response at any time in the future.  Quantum's objections are made without prejudice to Quantum's right to assert objections should Quantum discover additional or different grounds for such objections.

## OBJECTIONS TO SUBPOENA

**REQUEST NO. 1:**

Documents and ESI sufficient to identify the databases, networks, or any other repositories of information under Your control that may contain Documents and ESI relevant to this Action.

**RESPONSE TO REQUEST NO. 1:**

Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as vague, ambiguous, overbroad in scope, and unduly burdensome because it seeks information that is irrelevant and not proportional to the needs of the case.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 2:**

Documents and ESI sufficient to identify each process and/or piece of Architecture involved in Recording visits to the Websites, including but not limited to Documents reflecting

sf-5647344

the flow of data from point of origin to point of storage in Your process of Recording visits to the Websites.

**RESPONSE TO REQUEST NO. 2:**

Quantum agrees to produce, once the parties enter into an appropriate confidentiality agreement, an Enterprise Software-as-a-Service Security flowchart demonstrating how Quantum's session replay tool encrypts data sent by its customers in the usual course of its business.

Quantum otherwise objects to this Request for the following reasons. Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome. Quantum objects to the defined term "Architecture" as overbroad, unduly burdensome, and because it seeks private, confidential, proprietary, trade secret, or commercially sensitive information. Quantum objects to the undefined terms "process" and "piece" as vague and ambiguous. Quantum objects to the defined term "Recording" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the wiretapping statutes at issue in this action.[2] Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more

---

[2] The Federal Wiretap Act, 18 U.S.C §§ 2510, *et seq.*; California Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq.*; Maryland Wiretapping and Electronic Surveillance Act, Md. Code Ann., Cts. & Jud. Proc. §§ 10-401, *et seq.*; Massachusetts Wiretapping Statute, Mass. Gen. Laws ch. 272 § 99(Q); Missouri Wiretap Act, Mo. Ann. Stat. §§ 542.400, *et seq.*; Pennsylvania Wiretap and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. §§ 5701, *et seq*. (collectively, "Wiretapping Statutes at Issue").

practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

**REQUEST NO. 3:**

All Data Recordings and/or Session Replays related to Plaintiff and the Class Members, including but not limited to underlying metadata.

**RESPONSE TO REQUEST NO. 3:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to the defined terms "Data Recording" and "Session Replays" the extent they call for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to the undefined term "metadata" as vague and ambiguous.  Quantum objects to this Request as overbroad as to time.

**REQUEST NO. 4:**

All documents and ESI reflecting any analytics and/or summary data related to the information identified in Request 3.

**RESPONSE TO REQUEST NO. 4:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to this Request as duplicative of Request No. 3.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the undefined term "summary data" as vague and ambiguous. Quantum objects to this Request for "[a]ll" documents regarding a broad topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, on the grounds that it seeks information and documents that are not relevant to the claims asserted in the litigation or reasonably calculated to lead to the discovery of admissible evidence.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.  Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

sf-5647344

**REQUEST NO. 5:**

Documents and ESI sufficient to identify the total number of Class Members Recorded by You.

**RESPONSE TO REQUEST NO. 5:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons. Quantum objects to this Request as duplicative of Request No. 3. Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome. Quantum objects to the defined term "Recorded" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue. Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status. Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 6:**

Documents and ESI sufficient to identify the total number of Recordings and/or Session Replays related to Class Members.

**RESPONSE TO REQUEST NO. 6:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons. Quantum objects to this Request as duplicative of Request No. 3. Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome. Quantum objects to the defined term "Recordings" and "Session Replays" to the extent they call for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue. Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status. Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

sf-5647344

**REQUEST NO. 7:**

Documents and ESI sufficient to identify the data elements You captured in the process of Recording visits to the Websites.

**RESPONSE TO REQUEST NO. 7:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to this Request as duplicative of Request No. 3.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined term "Recording" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to the undefined term "data elements" as vague and ambiguous.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects this Request because it seeks information that is equally or more easily available from other sources, including those available

to Defendants in this action.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 8:**

Documents and ESI sufficient to identify the data elements of Class Members, including: (a) their internet protocol address; (b) their geographic location; (c) their internet service provider; (d) the dates on which they were Recorded by You; (e) their name; (f) any unique ID or identifier associated with them; (g) their address; (h) their email.

**RESPONSE TO REQUEST NO. 8:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to this Request as duplicative of Request No. 3.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined term "Recorded" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to the undefined term "data elements" as vague and ambiguous.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are

more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status. Quantum objects this Request because it seeks information that is equally or more easily available from other sources, including those available to Defendants in this action. Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 9:**

All communications between You and BPS regarding Recording visits to the Websites and/or this Action.

**RESPONSE TO REQUEST NO. 9:**

Quantum objects to the defined term "Recording" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue. Quantum objects to the undefined term "communications" as vague and ambiguous. Quantum objects to this Request for "[a]ll communications" regarding a broad topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, on the grounds that it seeks information and documents that are not relevant to the claims asserted in the litigation or reasonably calculated to lead to the discovery of admissible evidence. Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status. Quantum objects this Request because it seeks information that is equally or more easily available from other sources, including those available

to Defendants in this action.  Quantum objects to this Request to the extent that it seeks private,

confidential, proprietary, trade secret, or commercially sensitive information.  Quantum objects

to this Request to the extent that it seeks information and documents that are protected by the

attorney-client privilege, work product doctrine, or any other constitutional, statutory, or

common-law privilege or doctrine.

**REQUEST NO. 10:**

Documents and ESI sufficient to identify any JavaScript code provided or used by You

that was on the Websites at any point in time, including, without limitation,

(a) copies of all JavaScript code provided or used by You that was on BPS's Websites at

any point in time;

(b)  Documents and ESI sufficient to identify the dates during which any JavaScript code

provided or used by You was active, enabled, and/or operating on the Websites; and

(c) Documents and ESI sufficient to identify all code repositories for any JavaScript

Code and/or source code related to any of these requests.

**RESPONSE TO REQUEST NO. 10:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and

Conditions with Quantum, Defendants have informed Quantum that they do not consent to

Quantum's production of their data, information, or documents until the parties have determined

the scope of discoverable information in this action and Court adjudication of any dispute raised

to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to

part (b) of this Request as duplicative of Request No. 3.  Quantum objects to the defined terms

"Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly

burdensome.  Quantum objects to part (a) of this Request because it seeks information that is equally or more easily available from other sources, including those available to Defendants in this action.  Quantum objects to part (c) of this Request as vague, ambiguous, overbroad, and unduly burdensome as to "code repositories" and "source code."  Quantum objects to part (c) of this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case, on the grounds that it seeks information and documents that are not relevant to the claims asserted in the litigation or reasonably calculated to lead to the discovery of admissible evidence.  Quantum objects to the stated time period ("any point in time") of this Request as overbroad.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.  Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

**REQUEST NO. 11:**

Documents and ESI sufficient to understand the data, including names, descriptions, and identifying features of any Documents, files, or communications, created and/or maintained in connection with the Recording of Plaintiffs' and the Class Members' visits to the Websites.

**RESPONSE TO REQUEST NO. 11:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to

sf-5647344

Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons. Quantum objects to this Request as duplicative of Request Nos. 1-4 and 7-8. Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome. Quantum objects to the defined term "Recording" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue. Quantum objects to the undefined term "identifying features" as vague and ambiguous. Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status. Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information. Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

**REQUEST NO. 12:**

Documents and ESI sufficient to understand Session Replay database schemas associated with the Recording of Plaintiffs' and the Class Members' visits to the Websites, including Documents and ESI describing all tables, all database views, all stored procedures or triggers

sf-5647344

used, all scripts that load startup values for data (including seed data, dummy info, sample users, example sets, lookup tables or dictionary files), and all scripts or programs used to instantiate the database (including any/all README or HOWTO files/documentation) if no dump file is provided.

**RESPONSE TO REQUEST NO. 12:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to this Request as duplicative of Request No. 3.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined terms "Session Replay" and "Recording" to the extent they call for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue. Quantum objects to the undefined terms "schemas," "database views," "stored procedures," "triggers," "startup values," "seed data," "dummy info," and "dump file" as vague and ambiguous.   Quantum objects to this Request for "any and all Session Replay database schemas" as overbroad, unduly burdensome, and disproportionate to the needs of the case, on the grounds that it seeks information and documents that are not relevant to the claims asserted in the litigation or reasonably calculated to lead to the discovery of admissible evidence.  Quantum

14

objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad

and unduly burdensome to the extent it seeks documents or information that may be obtained

through other means of discovery that are more convenient, more efficient, more practical, less

burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum

objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or

commercially sensitive information.  Quantum objects to this Request to the extent that it seeks

information and documents that are protected by the attorney-client privilege, work product

doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

**REQUEST NO. 13:**

Documents sufficient to understand the database, database schema, data formats and any

other related information identified in Request 10 that You provided to employees in Your

organization who work with Your database and the data therein.

**RESPONSE TO REQUEST NO. 13:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and

Conditions with Quantum, Defendants have informed Quantum that they do not consent to

Quantum's production of their data, information, or documents until the parties have determined

the scope of discoverable information in this action and Court adjudication of any dispute raised

to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to

this Request as duplicative of Requests Nos. 3 and 12.  Quantum objects to the defined term

"Documents" as overbroad, disproportionate to the needs of the case, and unduly burdensome.

Quantum objects to this Request as vague, ambiguous, and overbroad because the Request is

based on the undefined terms "database schema," "data formats," and "any other related

information" and therefore lacks particularity.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 14:**

All contracts and agreements between You and BPS.

**RESPONSE TO REQUEST NO. 14:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request because it seeks information that is equally or more easily available from other sources, including those available to Defendants in this action.

**REQUEST NO. 15:**

All Documents and ESI Relating to or identifying Plaintiffs.

**RESPONSE TO REQUEST NO. 15:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined

16

sf-5647344

the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons. Quantum objects to this Request as duplicative of Request No. 3. Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome. Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status. Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information. Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

**REQUEST NO. 16:**

Documents and ESI sufficient to identify the Session Replays of Plaintiffs or any Class Member that were scrubbed or deleted from any of Your databases or databases to which You have access.

**RESPONSE TO REQUEST NO. 16:**

Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome. Quantum objects to the defined term "Session Replays" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read,

observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information. Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

**REQUEST NO. 17:**

Documents and ESI concerning any agreement, whether formal or informal, between You and any third party, regarding Recording of visitors to BPS's Websites, including, but not limited to, those concerning the sale of Data Recordings and/or Session Replays.

**RESPONSE TO REQUEST NO. 17:**

Quantum stores encrypted customer data on servers operated by an enterprise cloud hosting provider, but does not sell or share customer data for an independent business purpose. Accordingly, there are no documents responsive to this Request.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined terms "Recording," "Data Recordings," and "Session Replays" to the extent they call for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted,

18

captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.  Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

**REQUEST NO. 18:**

Documents and ESI sufficient to identify each process and/or piece of Architecture involved in Recording visits to BPS's Websites, including, without limitation, all Documents and ESI sufficient to describe the process of Recording visits to BPS's Websites.

**RESPONSE TO REQUEST NO. 18:**

Quantum objects to this Request as duplicative of Request No. 2.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined term "Recording" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.   Quantum objects to the defined term "Architecture" as overbroad, unduly burdensome, and because it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.  Quantum objects

19

to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.

**REQUEST NO. 19:**

Documents and ESI sufficient to identify the policies and procedures followed or maintained by You with respect to any of the following: (a) Recording visits to the Websites; (b) the redaction of personal identifying and/or private information contained within Session Replays; and (c) the manner or method of storing, archiving, or otherwise maintaining Data Recordings and/or Session Replays.

**RESPONSE TO REQUEST NO. 19:**

Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined terms "Recording," "Data Recordings," and "Session Replays" to the extent they call for a legal conclusion data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to the undefined term "policies and procedures" as vague and ambiguous.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request

sf-5647344

to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 20:**

Documents and ESI sufficient to identify any mechanism for opting out of being Recorded, if any, that was available to Plaintiffs and/or the Class Members.

**RESPONSE TO REQUEST NO. 20:**

Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome. Quantum objects to the defined term "Recorded" to the extent it calls for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue. Quantum objects to this Request as unduly burdensome to the extent it is premised on a "mechanism" that Quantum is not responsible for deploying. Quantum objects to this Request as overbroad as to time. Quantum objects this request because it seeks information that is equally or more easily available from other sources, including those available to Defendants in this action. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status. Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information. Quantum objects to this Request to the extent that it seeks information and documents that are protected by the attorney-client privilege, work product doctrine, or any other constitutional, statutory, or common-law privilege or doctrine.

sf-5647344

**REQUEST NO. 21:**

Documents and ESI sufficient to identify the purpose(s) for which You use Data Recordings and/or Session Replays, including, Documents and ESI sufficient to understand the use of Data Recordings and/or Session Replays by any third parties for any purpose, Documents and ESI sufficient to understand whether, why, and to whom You provided access to, or copies of, Data Recordings and/or Session Replays to any third party, including the scope of such access.

**RESPONSE TO REQUEST NO. 21:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined terms "Data Recordings" and "Session Replays" to the extent they call for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering

Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 22:**

Documents and ESI sufficient to understand Your policies, practices, or procedures, if any, regarding the retention or destruction of Data Recordings and/or Session Replays including any changes or modifications in such policies or practices.

**RESPONSE TO REQUEST NO. 22:**

Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to the defined term "Data Recordings" and "Session Replays" to the extent they call for a legal conclusion that data captured by Defendants' use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping Statutes at Issue.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as disproportionate to the needs of the case, on the grounds that it seeks information and documents that are not relevant to the claims asserted in the litigation or reasonably calculated to lead to the discovery of admissible evidence.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

sf-5647344

**REQUEST NO. 23:**

Documents such as "data libraries" sufficient to explain the meaning of any data You produce in response to these requests.

**RESPONSE TO REQUEST NO. 23:**

Quantum objects to this Request as duplicative of Request Nos. 11-13 and 18-19. Quantum objects to the defined term "Documents" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to this Request as overbroad as to time. Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private, confidential, proprietary, trade secret, or commercially sensitive information.

**REQUEST NO. 24:**

Documents and ESI sufficient to understand whether and how You can identify distinct Persons in Data Recordings and/or Session Replays.

**RESPONSE TO REQUEST NO. 24:**

Pursuant to confidentiality provisions in Defendants' Enterprise Service Terms and Conditions with Quantum, Defendants have informed Quantum that they do not consent to Quantum's production of their data, information, or documents until the parties have determined the scope of discoverable information in this action and Court adjudication of any dispute raised to the Court.

Quantum otherwise objects to this Request for the following reasons.  Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the

sf-5647344

case, and unduly burdensome.  Quantum objects to the defined term "Data Recordings" and

"Session Replays" to the extent they call for a legal conclusion that data captured by Defendants'

use of Quantum's technology was copied, recorded, intercepted, captured, read, observed, re-

routed, forwarded, redirected, and/or received in satisfaction of any one of the Wiretapping

Statutes at Issue.  Quantum objects to this Request as overbroad as to time.  Quantum objects to

this Request as overbroad and unduly burdensome to the extent it seeks documents or

information that may be obtained through other means of discovery that are more convenient,

more efficient, more practical, less burdensome, or less expensive, especially considering

Quantum's third-party status.  Quantum objects to this Request to the extent that it seeks private,

confidential, proprietary, trade secret, or commercially sensitive information.

///

///

///

///

///

///

///

///

///

///

///

///

///

25

sf-5647344

**REQUEST NO. 25:**

Documents and ESI sufficient to identify Your employees involved in the use of JavaScript code on the Websites.

**RESPONSE TO REQUEST NO. 25:**

Quantum objects to the defined terms "Documents" and "ESI" as overbroad, disproportionate to the needs of the case, and unduly burdensome.  Quantum objects to this Request as unduly burdensome and disproportionate to the needs of the case, on the grounds that it seeks information and documents that are not relevant to the claims asserted in the litigation or reasonably calculated to lead to the discovery of admissible evidence.  Quantum objects to this Request as overbroad as to time.  Quantum objects to this Request as overbroad and unduly burdensome to the extent it seeks documents or information that may be obtained through other means of discovery that are more convenient, more efficient, more practical, less burdensome, or less expensive, especially considering Quantum's third-party status.

Dated:  October 13, 2023                         MORRISON & FOERSTER LLP

By:  _____
     Purvi G. Patel
     MORRISON & FOERSTER LLP
     707 Wilshire Boulevard
     Los Angeles, California 90017
     (213) 892-5200
     ppatel@mofo.com

     ***Attorney for Third Party***
     ***Quantum Metric, Inc.***

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California  90017-3543.  I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on October 13, 2023, I served a copy of:

**THIRD PARTY QUANTUM METRIC, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

**BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

Joseph H. Kanee
Marcus & Zelman LLC
701 Brickell Avenue, Suite 1550
Miami, FL 33131
joseph@marcuszelman.com

*Attorneys for Plaintiff*
*Brittany Vonbergen*

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Dimas, California, this 13th day of October, 2023.

| Alicia C. Vargas | |
| --- | --- |
| (typed) | (signature) |