**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: BPS DIRECT, LLC and CABELA'S, LLC, WIRETAPPING** | **MDL NO. 3074**<br>**2:23-md-03074-MAK** |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' SECOND CONSOLIDATED CLASS ACTION COMPLAINT**

NOW, come the Defendants, BPS Direct, LLC and Cabela's, LLC, by and through their attorneys, Shook, Hardy & Bacon L.L.P., and file this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as supported by Defendants' contemporaneously filed Memorandum, and averring as follows:

1. In this matter, Plaintiffs allege eight causes of action relating to Defendants' alleged use of session replay technology.

2. Plaintiffs each allege that the session replay technology tracked their browsing activity while they interacted with one or both of Defendants' websites.

3. Plaintiffs assert that the alleged tracking gives rise to the following claims: (i) violation of the Federal Wiretap Act; (ii) violation of the Computer Fraud and Abuse Act ("CFAA"); (iii) violation of the Massachusetts Wiretapping Statute; (iv) invasion of privacy (under Massachusetts law); (v) violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act; (vi) invasion of privacy (under Pennsylvania law); (vii) trespass to chattels, and (viii) conversion to chattels.

4. Plaintiffs cannot adequately and truthfully allege that they suffered any concrete injury caused by Defendants' alleged use of session replay technology and, as a result, all of Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) as Plaintiffs lack Article III standing.

5. Independently, each of Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as Plaintiffs fail to state any of the claims they purport to bring.

6. Specifically, Plaintiffs' claims under various wiretap statutes (Counts I, III, V) each fail to meet several of the necessary elements to state a claim under each of the respective statutes.

7. Next, Plaintiffs various claims for invasion of privacy (Counts IV and VI) each fails because Plaintiffs fail to adequately allege: (1) a reasonable expectation of privacy in the data allegedly collected; and (2) that any intrusion by Defendants was "highly offensive."

8. Plaintiffs' claim under the Computer Fraud and Abuse Act (Count II) also fails because Plaintiffs fail to adequately allege Defendants' "access" or Plaintiffs' "damage" under the statute.

9. Plaintiffs' state law claims for conversion and trespass to chattels (Counts VII and VIII) each fail because Plaintiffs fail to allege a physical interference with their data and fail to allege the requisite intent.

WHEREFORE, Defendants respectfully requests that this Court dismiss Plaintiffs' Second Consolidated Amended Class Action Complaint with prejudice.

August 17, 2026

Respectfully Submitted,

By: *\/s/ Jennifer A. McLoone*

Jennifer A. McLoone (admitted *pro hac vice*)
Shook, Hardy & Bacon L.L.P.
201 South Biscayne Boulevard
Suite 3200
Miami, FL 33131-4332
Phone: (305) 358-5171
Fax: (305) 358-7470
jmcloone@shb.com

Erin (Loucks) Leffler (PA ID No. 204507)
Shook, Hardy & Bacon L.L.P.
Two Commerce Square
2001 Market St., Suite 3000

Philadelphia, PA 19103
Phone: (215) 278-2555
Fax: (215) 278-2594
eleffler@shb.com

Maveric Ray Searle (admitted *pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Phone: (312) 704-7741
Fax: (312) 558-1195
E-Mail: msearle@shb.com

***Counsel for Defendants***