# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

BRITTANY VONBERGEN,

Plaintiff,

vs.

In re: BPS Direct, LLC and Cabelas, LLC Wiretapping Litigation

Defendants.

Case No. 2:23-md-03074

**RESPONSES AND OBJECTIONS TO PLAINTIFF BRITTANY VONBERGEN'S SUBPOENA FOR DOCUMENTS DIRECTED TO MOUSEFLOW, INC.**

Pursuant to Fed. R. Civ. P. 26 and 45, non-party Mouseflow, Inc. ("Mouseflow" or "Responding Party") respond and object to Plaintiff Brittany Vonbergen's ("Plaintiff") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") on the following grounds.

**<u>GENERAL OBJECTIONS</u>**

These General Objections are incorporated into each of the Specific Responses & Objections to the Document Requests ("Requests") set forth in the Subpoena below, even if the Specific Responses & Objections do not specifically refer to any General Objections.

1. Mouseflow objects to the Subpoena because it calls for documents that no longer exist and were purged and deleted many years ago in accordance with Mouseflow's privacy and document retention policies. *See* https://mouseflow.com/legal/visitor/. Pursuant to the data retention policy correlated with the customer's selected subscription plan, Mouseflow, upon the lapse of the designated retention period of three (3), six (6), or maximum twelve (12) months, destroys and deletes all data pertaining to the customer's websites. Following the expiration of the aforementioned period, all data and information, irrespective of its form or medium, is subject to

permanent deletion. Mouseflow affirms that such deletion constitutes an irreversible destruction of data, ensuring that restoration or recovery of any such data is rendered impossible. Given that the stipulated data retention period for Defendants concluded more than three years ago (as the Defendants in the Action were customers of Mouseflow from May 26, 2016 until May 26, 2019), Mouseflow asserts that it retains no data pertinent to Defendants' websites and is incapable of reconstructing or retrieving any such data by any means. Mouseflow is therefore unable to provide any information that might serve as an evidence or a basis of defining the Class, or be otherwise relevant to the case.

2. Mouseflow objects to the Requests, including the definitions and instructions, to the extent they attempt to impose upon it obligations that are greater than those imposed by the Federal Rules of Civil Procedure and applicable law. Mouseflow also objects to the definitions to the extent that they attempt to expand the defined terms beyond their dictionary definition and/or into compound and ambiguous definitions.

3. Mouseflow objects to the Requests to the extent they call for the disclosure of information or the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, statute, regulation or rule. The inadvertent disclosure of any such information shall not be deemed to be a waiver of any such privilege or immunity.

4. Mouseflow objects to the Requests to the extent they seek documents or other materials that are not relevant to any party's claims or defenses and not proportional to the needs of this case.

5. Mouseflow objects to the Requests to the extent they are designed, not to elicit information and documents relevant to this Action, but as a fishing expedition in hopes of uncovering potential evidence to be used in conjunction with other pending or potential claims.

6. Mouseflow objects to the Requests as overly broad, unduly burdensome and not proportional to the needs of the case to the extent they seek "all" or "any" documents without limitation.

7. Mouseflow objects to the Requests to the extent they are vague, ambiguous or unintelligible.

8. Mouseflow objects to the Requests to the extent they are overbroad, oppressive, harassing, unduly burdensome, palpably improper and/or to the extent there exist more practical methods of obtaining the information Plaintiff seeks. The Subpoena is defective because it fails to take reasonable steps to avoid imposing an undue burden and/or expense on Mouseflow. By way of example, the Subpoena purports to require Mouseflow to search for ESI from more than seven years ago, which may not be readily accessible, and it does not confine the Requests to specific persons or custodians who work at or for Mouseflow.

9. Mouseflow objects to the Requests to the extent they seek information or documents that are equally available to Plaintiff and/or already in the possession of Plaintiff.

10. Mouseflow objects to the Requests to the extent they seek information or documents within the possession, custody or control of the defendants in this Action; such Requests should be directed to the defendants, not Mouseflow.

11. Mouseflow objects to the Requests to the extent they request the disclosure of documents not within its possession, custody or control.

12. Mouseflow objects to the Requests to the extent they are duplicative and cumulative.

13. Mouseflow objects to the Requests to the extent they contain erroneous or inaccurate assumptions or purported statements of fact.

14. Mouseflow objects to the Requests to the extent they seek confidential and proprietary information.

15. Mouseflow objects to the Requests to the extent they seek documents in which it and/or third parties have a legitimate expectation and/or right of privacy pursuant to federal and state constitutions, statutes or case law.

16. Mouseflow objects to the Requests to the extent they call for the disclosure of information for an unreasonable period of time.

17. Mouseflow objects to the Subpoena to the extent it seeks information concerning individuals other than Plaintiff because, on information and belief, the Court has not certified a class in this Action.

18. Mouseflow objects to the Subpoena for want of jurisdiction because it was not served and/or was improperly served under applicable rules.

## **OBJECTIONS AND RESPONSES TO EXHIBIT A OF SUBPOENA**

**REQUEST NO. 1:**

Documents and ESI sufficient to identify the databases, networks, or any other repositories of information under Your control that may contain Documents and ESI relevant to this Action.

**RESPONSE TO REQUEST NO.1:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this Request as calling for confidential or proprietary information. Mouseflow further objects to this Request because it is vague and ambiguous as to what undefined "Documents and ESI" would be considered relevant to this action. Mouseflow does not possess any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action and thus there are no responsive repositories or otherwise. Defendants were last a customer of Mouseflow in

2019 and all records and data related to Defendants were deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 2:**

Documents and ESI sufficient to identify each process and/or piece of Architecture involved in Recording visits to the Websites, including but not limited to documents reflecting the flow of data from point of origin to point of storage in Your process of Recording visits to the Websites.

**RESPONSE TO REQUEST NO. 2:**

Mouseflow objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the Action. Mouseflow further objects to this Request as calling for confidential or proprietary information and trade secrets. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the use of the terms "process," "piece," and "Achitecture." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. In addition, Mouseflow does not have this information or any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action and thus this information is otherwise irrelevant. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 3:**

All Data Recordings and/or Session Replays related to Plaintiffs and the Class Members, including but not limited to underlying metadata.

**RESPONSE TO REQUEST NO. 3:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the use of the terms "related to," "Data Recordings" and "Session Replays." Mouseflow further objects to this Request because it should be directed to the

defendants in the Action. Mouseflow further objects to this request as seeking information that is premature and confidential. Mouseflow does not have this information or any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 4:**

All documents and ESI reflecting the analytics and/or summary data related to the information identified in Request 4.

**RESPONSE TO REQUEST NO.4:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects as proprietary, confidential, and premature because a class has not been certified. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "information contained in Request 4," "analytics" and "summary data." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does not have this information or any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 5:**

Documents and ESI sufficient to identify the total number and number in each state of Class Members Recorded by You.

**RESPONSE TO REQUEST NO.5:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects to this Request because it is vague and ambiguous,

particularly with respect to the reference to "total number and number in each state." "Class Members" is vague and ambiguous and unascertainable; a class has not yet been certified. Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow further objects that this requests seeks information that is premature and confidential. Mouseflow does not have this information or any relevant Documents or ESI pertaining to defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 6:**

Documents and ESI sufficient to identify the total number of Recordings and/or Session Replays related to Class Members.

**RESPONSE TO REQUEST NO.6:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "Recordings and/or Session Replays." "Class Members" is vague and ambiguous and unascertainable; a class has not yet been certified. Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow further objects to this request because it seeks information that is premature and confidential. Mouseflow does not have this information, and does not have any relevant Documents or ESI pertaining to defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a customer of Mouseflow in 2019 and all records and

data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 7:**

Documents and ESI sufficient to identify the data elements You captured in the process of Recording visits to the Websites.

**RESPONSE TO REQUEST NO.7:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "You," "data elements," "captured," and "Recording Visits." Mouseflow does not capture any data elements; the user of the software controls the settings and configuration of what analytics data can be captured by the software. Mouseflow objects to the legal conclusion that its software "records" visits. Mouseflow further objects to the request because it seeks information that is premature, confidential, and calling for proprietary information. Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does not have this information, or any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 8:**

Documents and ESI sufficient to identify the data elements of Class Members, including: (a) their internet protocol address; (b) their geographic location; (c) their internet service provider; (d) the dates on which they were Recorded by You; (e) their name; (f) any unique ID or identifier associated with them; (g) their address; (h) their email.

**RESPONSE TO REQUEST NO.8:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects to this Request because it is vague and ambiguous,

particularly with respect to the reference to "You," "Recorded" and "data elements." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does not capture any data elements; the user of the software controls the settings and configuration of what analytics data can be captured by the software. Mouseflow further objects to this request because it seeks information that is premature, confidential, and calling for proprietary information. Mouseflow does not have this information, or any relevant Documents or ESI pertaining defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 9:**

All communications between You and BPS regarding Recording visits to the Websites and/or this Action.

**RESPONSE TO REQUEST NO.9:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this request as calling for confidential or proprietary information. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "communications" and "Recording visits." In addition, Mouseflow does not have any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, the putative class in the Action, nor any responsive "communications."

**REQUEST NO. 10:**

Documents and ESI sufficient to identify any Javascript code provided or used by You that was on the Websites at any point in time, including, without limitation,

(a) copies of all Javascript code provided or used by You that was on BPS's Websites at any point in time;

(b) Documents and ESI sufficient to identify the dates during which any Javascript code provided or used by You was active, enabled, and/or operating on the Websites; and

(c) Documents and ESI sufficient to identify all code repositories for any Javascript Code and/or source code related to any of these requests.

**RESPONSE TO REQUEST NO.10:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects as premature, confidential, and calling for proprietary information. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "You," "code repositories," "Javascript code," and "source code." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does not have this information, or any relevant Documents or ESI pertaining defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 11:**

Documents and ESI sufficient to understand the data, including names, descriptions, and identifying features of any documents, files, or communications, created and/or maintained in connection with the Recording of Plaintiffs' and the Class Members' visits to the Websites.

**RESPONSE TO REQUEST NO.11:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects as premature, confidential, and calling for proprietary information and trade secrets. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "Recording," "identifying features" and "Recording of." Mouseflow does not have this information, or any relevant Documents or ESI pertaining to the defendants' account details and

data, plaintiffs, or the putative class in the Action and thus this information is otherwise irrelevant and nonexistent. Also see General Objection No.1.

**REQUEST NO. 12:**

Documents and ESI sufficient to understand Session Replay database schemas associated with the Recording of Plaintiffs' and the Class Members' visits to the Websites, including Documents and ESI describing all tables, all database views, all stored procedures or triggers used, all scripts that load startup values for data (including seed data, dummy info, sample users, example sets, lookup tables or dictionary files), and all scripts or programs used to instantiate the database (including any/all README or HOWTO files/documentation) if no dump file is provided.

**RESPONSE TO REQUEST NO.12:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects as premature, confidential, and calling for high proprietary information and trade secrets. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "schemas," "tables," "triggers used," "scripts that load startup values for data" and "instantiate." In addition, Mouseflow does not have any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action and thus this information is otherwise irrelevant. Also see General Objection No.1.

**REQUEST NO. 13:**

Documents sufficient to understand the database, database schema, data formats and any other related information identified in Request 10 that You provided to employees in Your organization who work with Your database and the data therein.

**RESPONSE TO REQUEST NO.13:**

See responses to Request Nos. 10-12, the response and objections of which are incorporated hereto by reference.

**REQUEST NO. 14:**

All contracts and agreements between You and BPS.

**RESPONSE TO REQUEST NO.14:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action, particularly with respect to the demand for "all" contracts and agreements. Mouseflow further objects to this request as calling for confidential or proprietary information. Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Defendants were not on an enterprise contract but instead was subject to the online general terms of use and agreement. In addition, Mouseflow does not have any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action and thus this information is otherwise irrelevant. Also see General Objection No.1.

**REQUEST NO. 15:**

All Documents and ESI Relating to or identifying Plaintiffs.

**RESPONSE TO REQUEST NO.15:**

Mouseflow objects to this Request as overbroad and not proportional to the needs of the Action. Mouseflow further objects to this request as calling for confidential or proprietary information. Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow objects that this request assumes Plaintiffs could be identified, which is not accurate. Mouseflow does not have any relevant Documents or ESI pertaining defendants' account details and data, plaintiffs, or the putative class in the Action. Also see General Objection No.1.

**REQUEST NO. 16:**

Documents and ESI sufficient to identify the Session Replays of Plaintiffs or any Class Member that were scrubbed or deleted from any of Your databases or databases to which You have access.

**RESPONSE TO REQUEST NO.16:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this request as calling for confidential or proprietary information. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "Session Replays," "access," and "scrubbed." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does any relevant Documents or ESI pertaining defendants' account details and data, plaintiffs, or the putative class in the Action. See also: https://mouseflow.com/legal/visitor/. Defendants were last a customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. They are not recoverable. Also see General Objection No.1.

**REQUEST NO. 17:**

Documents and ESI sufficient to concerning any agreement, whether formal or informal, between You and any third party, regarding Recording of visitors to BPS's Websites, including, but not limited to, those concerning the sale of Data Recordings and/or Session Replays.

**RESPONSE TO REQUEST NO.17:**

Mouseflow objects to this Request as unintelligible, vague, overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this request as calling for confidential or proprietary information. Mouseflow further objects to this Request as irrelevant and an attempt to engage in a fishing expedition. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "sufficient to concerning," "sale of Data Recordings" and "Session Replays." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does not have any relevant Documents or ESI pertaining defendants' account details and data, plaintiffs, or the putative class in the Action. Defendants were last a

customer of Mouseflow in 2019 and all records and data related to Defendants was deleted and purged at that time. Also see General Objection No.1.

**REQUEST NO. 18:**

Documents and ESI sufficient to identify each process and/or piece of Architecture involved in the Recording visits to BPS's Websites, including, without limitation, all Documents and ESI sufficient to describe the process of Recording visits to BPS's Websites.

**RESPONSE TO REQUEST NO.18:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this Request as calling for confidential or proprietary information and trade secrets. Mouseflow further objects to this Request because it is vague and ambiguous as to the reference to "Recording visits," "all Documents and ESI," and "process and/or Piece of Architecture." To the extent it relates to BPS's websites, Mouseflow does not have this information or any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action. Also see General Objection No.1.

**REQUEST NO. 19:**

Documents and ESI sufficient to identify the policies and procedures followed or maintained by You with respect to any of the following: (a) Recording visits to the Websites; (b) the redaction of personal identifying and/or private information contained within Session Replays; and (c) the manner or method storing, archiving, or otherwise maintaining Data Recordings and/or Session Replays.

**RESPONSE TO REQUEST NO.19:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this Request as irrelevant and an attempt to engage in a fishing expedition. Mouseflow further objects to this request as calling for confidential or proprietary information and trade secrets. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to

"Recording visits," "private information," "Session Replays," "archiving" and "maintaining." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does not capture any data elements; the user of the software controls the settings and configuration of what analytics data can be captured by the software. Mouseflow does not have the ability to go back in time to review user settings of expired customers. Also see General Objection No.1.

**REQUEST NO. 20:**

Documents and ESI sufficient to identify any mechanism for opting out of being Recorded, if any, that was available to Plaintiffs and/or the Class Members.

**RESPONSE TO REQUEST NO.20:**

Mouseflow objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this Request as irrelevant and an attempt to engage in a fishing expedition. Mouseflow further objects to this Request because it is vague and ambiguous as to "mechanism for opting out of being Recorded." Mouseflow further objects to this Request because it should be directed to the defendants in the Action. Mouseflow does not capture any data elements; the user of the software controls the settings and configuration of what analytics data can be captured by the software. Mouseflow does not have the ability to go back in time to review user settings of expired customers. Also see General Objection No.1.

**REQUEST NO. 21:**

Documents and ESI sufficient to identify the purpose(s) for which You use Data Recordings and/or Session Replays, including, Documents and ESI sufficient to understand the use of Data Recordings and/or Session Replays by any third parties for any purpose, Documents and ESI sufficient to understand whether, why, and to whom You provided access to, or copies of, Data Recordings and/or Session Replays to any third party, including the scope of such access.

**RESPONSE TO REQUEST NO.21:**

Mouseflow objects to this Request as unintelligible, overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this request as calling for confidential or proprietary information and trade secrets. Mouseflow further objects to this Request as irrelevant and an attempt to engage in a fishing expedition. Mouseflow further objects to this Request because it is vague and ambiguous, particularly with respect to the reference to "third parties," "You," "any purpose," "Data Recordings," "Session Replays," use," and "access." Mouseflow does not "use" session replay information or analytics captured by the customer. Mouseflow does not share customer data with "third parties."

**REQUEST NO. 22:**

Documents and ESI sufficient to understand Your policies, practices, or procedures, if any, regarding the retention or destruction of Data Recordings and/or Session Replays including any changes or modifications in such policies or practices.

**RESPONSE TO REQUEST NO.22:**

See response to Request No.19, the response and objections of which are incorporated by reference. *See also* General Objection No. 1.

**REQUEST NO. 23:**

Documents such as "data libraries" sufficient to explain the meaning of any data You produce in response to these requests.

Documents and ESI sufficient to understand whether and how You can identify distinct Persons in Data Recordings and/or Session Replays.

**RESPONSE TO REQUEST NO.23:**

Mouseflow objects to this Request as compound, incomprehensible, vague and ambiguous. Mouseflow also objects to this Request as overbroad, unduly burdensome and not proportional to the needs of the Action. Mouseflow further objects to this request as calling for confidential or proprietary information and trade secrets. In addition, Mouseflow does not have

any documents to produce such that "data libraries" would be relevant or responsive. Mouseflow cannot identify "distinct Persons" in session replay or analytics data and no such documents exist. Moreover, Mouseflow does not have any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action and thus this information is otherwise irrelevant. Also see General Objection No.1.

**REQUEST NO. 24:**

Documents and sufficient to identify Your employees involved in the use of Javascript code on the Websites.

**RESPONSE TO REQUEST NO.24:**

Mouseflow objects to this Request as compound, incomprehensible, vague and ambiguous. Mouseflow also objects to this Request as overbroad, unduly burdensome, propounded for purposes of harassment, and not proportional to the needs of the Action. Mouseflow further objects to this Request as irrelevant and an attempt to engage in a fishing expedition. Mouseflow further objects to this request as calling for confidential or proprietary information and trade secrets. Mouseflow does not have any relevant Documents or ESI pertaining to the defendants' account details and data, plaintiffs, or the putative class in the Action and thus this information is otherwise irrelevant. Also see General Objection No.1.

DATED: November 3, 2023

**BLANK ROME LLP**

By: */s/ Ana Tagvoryan*

Ana Tagvoryan
Ana.tagvoryan@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel.: 424.239.3400
Fax: 424.239.3434

*Attorneys for Non-Party Mouseflow, Inc.*

**CERTIFICATE OF SERVICE**

I, Ana Tagvoryan, hereby certify that on this 3rd day of November 2023, I caused a true and correct copy of the foregoing RESPONSE TO SUBPOENA FOR DOCUMENTS to be served upon counsel for plaintiff Brittany Vonbergen via electronic mail.

/s/ *Ana Tagvoryan*
Ana Tagvoryan